JACOB MORTON Appellant, *vs.* THE STATE OF KANSAS, Appellee.

On the trial of the appellant (defendent below) for arson, where the court erred in overruling a challenge by him, for cause, to persons sworn on their *voire dire* as jurors, and where the same persons are afterwards challenged peremptorily and rejected from the jury, on appeal brought by defendant below, from a judgment against him, *held*, (§ 276 *Crim. Code,*) that the judgment of the court below will not be reversed, unless the record shows that the defendant had exhausted his peremptory challenge.

The facts of the case sufficiently appear in the subjoined opinion of the court.

*Elmore & Martin,* for appellant.

I. Both jurors had formed and expressed opinions as to the guilt or innocence of Morton, based upon testimony— Hurst, at the preliminary examination and Bay, the testimony on the trial of Bledsoe. These opinions clearly disqualified them. (*Comp. Laws, p.* 263, § 184; *Ala. Dig., p.* 386, § 33;

4 Ind. R., pp. 439, 440; 15 Indiana R., p. 351; 12 Mo. p. 225.)

II. Testimony or evidence is totally different from rumor. Words used in our statutes are to be in their usual meaning, except legal words and phrases. (Comp. Laws, p. 838, § 1, subd. 2; Ala. Dig., p. 386, §§ 19, 20.) The word, "rumor," has no legal technical meaning. Usual meaning, (see Web. Dic., p. 970; 2 Bouv. Law Dic., p. 490.) The words, "testimony," and "evidence," have a definite legal technical meaning. (1 Bouv. Law Dic., p. 484; 2 Bouv. Law Dic., p. 582, 4th ed.)

III. The evidence of the witnesses cannot be rumor, as to the jurors challenged, and the evidence at , the preliminary examination, and in Bledsoe's case must necessarily be the same on Morton's trial, and the same evidence upon which their opinions were founded. The issue in the case was the guilt or innocence of Morton, and upon these issues the jurors had formed and expressed their opinions.

IV. It is immaterial whether the opinions of the jurors were such as to prejudice or bias their minds; the bias and prejudice mentioned in the latter clause of section one hundred and eighty-four of the criminal code, has reference only to opinions founded on rumor. (Ala. Dig., p. 386, § 20.)

. V. It may be asked if the error of the court (if it is error) was such as to prejudice the defendant's rights, he having the right to challenge peremptorily? It is immaterial whether it prejudiced his case or not, he can challenge peremptorily or not as he may see fit, and his legal rights cannot be affected by his doing or not doing so. (1 Denio, pp. 309, 310.) The legal presumption is, however, that his rights were prejudiced; (see case of The State vs. Madden, Sup. Court of Kansas,) and to say that a man has a legal right to an impartial jury, and yet no remedy when the right is violated, is absurd, and contrary to all law; and for these reasons we think the defendant is entitled to a new trial, the

policy of the law being that every man shall be tried by a jury of his countrymen, free from prejudice, bias or preconceived opinions of any kind.

*W. W. Guthrie,* Attorney General, for Appellee.

The statute provides who shall be competent to serve as petit jurors, and for what causes such persons may be challenged, and to what extent peremptory challenges may be allowed,

For the purpose of this case, challenges for cause are confined to sections one hundred and eighty and one hundred and eigty-four of criminal code, page two hundred and sixty-three.

These challenged jurors being tried, as provided in section one hundred and eighty-five, declared that they had formed no opinion that would prevent them from trying the issue and rendering a verdict according to the law and the evidence.

They were then qualified jurors, whom the accused was entitled to challenge peremptorily, which he did.

Peremptory challenges are provided for the supposed relief of parties to a certain extent, in some cases where the law does not deem that sufficient cause for challenge exists.

In this case, the rights of the accused were not prejudiced. No legal cause for challenge existed, and he exercised the right of peremptory challenge, which, as appears by the bill of exceptions, relieved the panel of every jury against whom he had objection.

At least, while his right of peremptory challenge remains, he could not complain of a challenge for alleged cause being overruled by the court.

Was accused aggrieved by the decision of the court, in peremptorily challenging the objectionable jurors, he waived all ground for complaint.

Morton *v.* The State of Kansas.

By the Court, BAILEY, J. At the April term, 1863, of the district court for Lyon county, Jacob Morton and Jacob Bledsoe were jointly indicted for arson. It also appears that before that time Morton and Bledsoe had been arrested for the alleged offense and had had a preliminary examination.

Before trial in the district court the parties moved to be tried separately, which motion was granted by the court. The defendant, Bledsoe, was then tried and convicted of the offense, and afterwards, at the same term, Morton was also tried and convicted.

At the organization of the jury for the trial of Morton, the jurors were severally sworn upon their *voire dire*, and the defendant, Morton, challenged, for cause, Robert B. Hurst and John Bay, summoned as jurors, on the ground that Hurst had formed and expressed an opinion as to the guilt or innocence of the defendant, Morton, based upon the testimony of the witnesses heard by him at the preliminary examination, and that John Bay had formed and expressed an opinion upon the same point from hearing the testimony of the witnesses on the trial of Bledsoe, Morton's co-defendant.

The court overruled the challenge in both cases, and pronounced the challenged jurors competent, to which ruling the defendant excepted.

The defendant then challenged said Hurst and Bay peremptorily. Whereupon the trial proceeded and said defendant was found guilty by the jury, who fixed the punishment at five years' hard labor.

The defendant then moved for a new trial and an arrest of judgment, which motions were overruled by the court and sentence passed upon the defendant in accordance with the verdict.

The defendant then presented his bill of exceptions, which was signed, and brings his cause, by appeal, to this court, for a reversal of said judgment.

The first question presented for consideration is, whether the court erred in overruling defendant's challenge, for cause, to the two jurors, Hurst and Bay.

Section one hundred and eighty-four of the code of criminal procedure (*Comp. Laws, p.* 263,) provides that:

"It shall be good cause of challenge to a juror that he has formed or delivered an opinion on the issue, or any material fact to be tried, but if it appear that such opinion is founded only on rumor, and not such as to prejudice or bias the mind of the juror, he may be sworn."

In this case the challenged jurors had formed opinions not founded on "rumor" merely, but upon the testimony of the witnesses delivered under the solemnity of an oath, and under the test of cross-examination. An opinion formed under such circumstances would, as it seems to us, be much more likely to influence and control the mind of a juror than an opinion founded "only on rumor," and we think the judge erred in overruling the challenges for cause.

The section of the criminal code, already cited, provides that the challenged juror shall not be disqualified from the mere fact of having formed or expressed an opinion on the issue, "if it appear that such an opinion is founded only on rumor, *and not such as to prejudice or bias the mind of the juror.*" The record in this case shows that in the examination of the jurors Hurst and Bay upon their *voire dire* after each had stated that he had formed an opinion, he was asked whether his opinion, so formed, was such as to prejudice or bias his mind and prevent him from giving a verdict upon the evidence adduced before him on the trial; to which each of them replied that he had not. We think this response did not remove the objection. It is the mind of the court which must be satisfied that the challenged juror is free from bias and prejudice, and not that of the juror himself. A juror, however honest, could not be trusted to decide as to the condition of his own mind, whether or not it is so free

Morton *v.* The State of Kansas.

from prejudice as to give an impartial verdict, notwitstanding an opinion already formed.

Had the defendant chosen to rely upon this error of the court, the judgment must, we think, have been set aside, but the record shows that he then challenged the same jurors peremptorily and thus removed them from the panel. By this means he seems effectually to have relieved himself from the grievance of which he complains, and the case would seem to be brought within the provision of section two hundred and seventy-six of the code of criminal procedure, which directs that "on an appeal the court must give judgment without regard to technical errors or defects, or to exceptions which do not affect the substantial rights of the parties."

With this rule laid down for our guidance, we do not think it incumbent on us to reverse the judgment in this case for an erroneous ruling of the court, from the consequences of which the defendant saw fit to relieve himself by the exercise of his right of peremptory challenge.

The only doubt which has arisen in our minds in this case, has been from the consideration that the record does not show whether or not the prisoner exhausted his right of peremptory challenge, but on this point a case exactly parallel appears to have been decided in Tennessee, where a prisoner challenged a juror for cause, and his objection was overruled—the juror being, in fact, incompetent—and the prisoner afterwards challenged him peremptorily.

*Held,* that unless the record showed that the prisoner had exhausted his peremptory challenges it was no error for which judgment would be reversed. (*McGowan vs. The State,* 9 *Yerger,* 184; see, also, *Ferriday vs. Selsen,* 4 *How. Miss.,* 506; *Carroll vs. The State,* 3 *Humph.,* 315.)

The judgment of the court below is affirmed at the cost of the appellant.

All the justices concurred in this opinion.