## C. P. ALVEY v. JOHN WILSON, et al.

JUSTICES' COURTS; *Amendments; Error; Practice.* It is error for a justice of the peace to render a judgment against a defendant upon an amended bill of particulars without the defendant having any notice of the amendment; but where the amendment is immaterial, and gives to the plaintiffs no more or greater rights than they had without the amendment, and where the defendant loses nothing by the amendment, the error of the justice is immaterial, and the judgment should not be reversed for such error.

### Error from Anderson District Court.

DEFENDANTS in error sued *Alvey* and one Cavender, before a justice of the peace, as partners, and joint makers of a promissory note. Both were duly served. *Alvey* did not appear, and plaintiffs, without further notice to him, dismissed their action as to Cavender, filed an amended bill of particulars, declaring against *Alvey* alone on said note, and took judgment against him. On error to the district court, at the March Term 1871, the judgment of the justice was affirmed; and *Alvey* now brings the case to this court for review.

*W. A. Johnson*, for plaintiff in error:

1. The justice erred in permitting the plaintiffs below to dismiss their action as against Cavender, and amend their bill of particulars, and proceed against Alvey individually. Justice's act, § 74; civil code, § 139. Section 139 of the code does not permit an amendment when such an amendment

26

changes substantially the claim or defense.   1 Kas., 418; 2
Kas., 438.   Amendments are allowed in the discretion of
courts, so long as the court can see that identity of parties
and matters upon which the action is founded, is preserved.
Amendments are not allowed to enable the plaintiff to recover
any other matter than for which he brought his action.   The
basis of this rule is plain.   It is not just to a defendant to
permit a party who cannot recover for what he sues, to
recover by means of a new cause of action, surreptitiously
slipped in under the pretense of an amendment.   Such pro-
ceedings cannot be in furtherance of justice.   The parties to
the action cannot be changed so as to get rid of the original
plaintiffs or defendant.   Sec. 117 of the code provides that
the title of a case shall not be changed in any of its stages.
By the amendment in this case, a new cause of action was
substituted for the original cause of action.   The suit was
brought originally on a note alleged to have been executed by
a firm composed of Alvey and Cavender; by the amended
bill of particulars the action is based on a note executed by
Alvey, individually.   The original action was against a mer-
cantile firm; the action after the amendment was against an
individual.   This amendment changes substantially both the
claim and the defense.

2.   The justice erred in proceeding to the trial of said
cause, and rendering judgment on the amended bill of par-
ticulars, without first requiring the plaintiff to give Alvey
notice of the filing of said amended bill of particulars.
Code, §§ 136, 137, 144.   No amendment can be made with-
out notice to the adverse party, unless the amendment is
made in court in the presence of the party or his attorney.
In this case defendant did not appear to contest plaintiffs'
claim in the manner in which they had brought their suit;
but when they seek to charge him with executing and deliver-
ing the note sued upon in his individual capacity, it is right
that he have a chance to controvert the allegations by denying
them under oath; and for this reason he was entitled to notice
that the plaintiffs alleged that he executed and delivered the

note sued on. Every person is entitled to his day in court, and is entitled to know of every allegation or charge against him during the progress of any proceedings to which he is a party.

*Bergen & Kirk,* for defendants in error:

1. There was no error in dismissing the action as to Cavender. The amendment was in furtherance of justice, and did not change substantially the claim, nor any defense thereto. Code, §139; 1 Handy, 236; 9 Ind., 273; 5 Kas., 309; Seney's Code, p. 181, notes 32, 33. By §117 of the code is meant that the title or caption of the answer or demurrer, or other paper filed in the cause after the petition, shall be like that of the petition, naming the plaintiff first. 1 Handy, 236.

2. The provisions as to amendments specified in §139 of the code are made applicable to proceedings before justices; §185 of the justice's act; and by §74 the power of amendment is extended, so that before a justice any deficiency or omission in the items may be supplied at any time before the trial, or during the trial. Even then no notice to the adverse party is required.

3. In all cases of joint obligations of copartners, or others, suits may be brought and prosecuted against any one of those who are liable, including promissory notes made by partners or by others. (Ch. 21, §4, and civil code, §39.) Hence, a several suit against Alvey might have been brought upon this note, and a several judgment rendered thereon against him. Upon the pleadings as they stood before the amendment, and in the absence of evidence, except the note, (the execution of which was admitted by Alvey by his default, and denied under oath by Cavender,) judgment must have been rendered in favor of Cavender, and against Alvey. Hence, the substantial rights of the plaintiff in error are not injuriously affected by the amendment. Code, §140.

The opinion of the court was delivered by

VALENTINE, J.: Two cases have been submitted to us, each entitled "C. P. Alvey v. John Wilson, C. B. Brace and A. L. Baker," and each involving the same questions of law and fact. Therefore we shall write but one opinion for the two cases, and we shall hereafter speak of both cases as though they were only one.

This action was commenced originally before a justice of the peace by the defendants in error, Wilson, Brace and Baker, against said C. P. Alvey and one Henderson Cavender, as partners, on a promissory note which reads as follows:

"$141.72.　　　　　　　　　GARNETT, FEB. 3d, 1870.

"Six months after date for value received I promise to pay to the order of Wilson, Brace & Baker one hundred and forty-one and 72.100 dollars, with interest from date.

"ALVEY & CAVENDER."

The plaintiffs allege in their bill of particulars that the said Alvey and said Cavender executed said note as partners under the name of "Alvey & Cavender." Cavender set up as a defense to the plaintiffs' action that he did not execute said note at all, and that he did not belong to the firm of Alvey & Cavender. The plaintiffs then dismissed their action as against Cavender. Alvey made default, making no appearance of any kind in the justice's court. After the plaintiffs dismissed their action as against Cavender they amended their bill of particulars, with leave of the court, so as to allege that Alvey alone executed the note under the name of "Alvey & Cavender." But they gave no notice of the amendment to Alvey. The court then proceeded to trial against Alvey alone, and rendered judgment in favor of plaintiffs and against Alvey for the amount of the note. Alvey took the case to the district court on petition in error, and the district court affirmed the decision of the justice. He now brings the case to this court and asks a reversal here.

We think the justice erred in rendering judgment upon the plaintiffs' amended bill of particulars without Alvey having any notice of the amendment. (Civil code, § 136.)

But the error was, under our statutes, entirely immaterial and unsubstantial. Any evidence that could have been introduced under the amended bill of particulars, and that would have proved the same, could have been introduced under the original bill of particulars and would have proved the original bill as against Alvey. And the very same judgment that was rendered under the amended bill of particulars could have been rendered under the original bill. The plaintiffs did not get anything more under the amended bill of particulars than they were entitled to under the original bill. Nor did the defendant lose anything by reason of the amendment. "In all cases of joint obligations and joint assumptions, of copartners, or others, suits may be brought and prosecuted against any one or more of those who are so liable." Ch. 21, Gen. Stat., 183, § 4. See also, ch. 14, (p. 116,) § 15, and civil code, § 39. And where several persons are sued as defendants, "judgment may be rendered for or against any one or more of the several defendants:" Code, § 396. The dismissal of the action as against Cavender was not erroneous. The plaintiffs had a right to so dismiss, and to proceed against Alvey alone, and to take judgment against him alone. See *Silvers v. Foster*, ante, p. 56, and statutes there cited. Probably no evidence was necessary in this case; (justice's act, § 84;) but if it was we would infer from the record that it was given. We have referred to certain sections of the code of civil procedure because such code applies to proceedings before justices of the peace, when applicable, and where it is not otherwise provided by law: Justice's act, § 185.

As only one error is shown to have been committed by the justice, and as that error is entirely immaterial, the judgment of the justice should have been affirmed; and therefore the judgment of the district court must be affirmed. (Civil code, § 140.)

All the Justices concurring.