ROBERT O. RIZER AND MOSES WATERS, *Partners, &c.,* v. H. L. JAMES.

1. PARTNERSHIP, *Proof of, by General Report.* In an action against a partnership managing and operating a bank, it appeared from the evidence that one W., who was charged as a member of the banking firm, and as liable upon its certificates of deposit, was named in the advertisement of the bank as a member of the partnership, and was a subscriber to the paper containing such advertisement. It also appeared that the letter-heads used by the bank contained his name as a partner, and that he received letters which his clerk read and answered, upon such letter-heads. It was further testified to by one of the partners, that W. was a member of the firm. *Held,* That the court committed no material error in receiving in addition to such evidence, and as corroborative thereof, the general understanding and report of the community where the bank existed, to prove W. a partner.

2. APPARENT PARTNER, *Liability of.* Where a person is held out as a member of a partnership with his own assent or connivance, he is responsible to every creditor or customer of the partnership for all its liabilities.

*Error from Davis District Court.*

MARCH 1, 1881, *James,* as plaintiff, recovered a judgment against *Robert O. Rizer* and *Moses Waters,* as partners. The defendant *Waters* brings the case here. The opinion states the facts.

*Green & Hessin,* for plaintiff in error.
*McClure & Humphrey,* for defendant in error.

The opinion of the court was delivered by

HORTON, C. J.: This action was on the following instrument:

"$1,000.          JUNCTION CITY, KANSAS, July 31, 1880.

"H. L. James has deposited in this bank one thousand dollars, payable on the return of this certificate properly indorsed by him, to be left with us three months, with interest at six per cent. for same time specified.

(Signed)          R. O. RIZER & Co."

The plaintiff claimed that Moses Waters, one of the plaintiffs in error, was at the time of the execution of this certificate a member of the firm of Robert O. Rizer & Company, and liable thereon. Several alleged errors are presented. It is urged that the court erred in refusing to sustain the challenge to the jurors Goggin and Johnson. As the record does not show that the plaintiffs in error had exhausted their peremptory challenges in the case, the error alleged, if any was committed, is not sufficient ground for which the judgment could be reversed: (*Morton v. The State,* 1 Kas. 468.)

As tending to establish the partnership, one Frank Sage, a printer and foreman in the office of the *Junction City Union,* produced in evidence an advertisement which appeared in that paper from June 28, 1879, to November 20, 1880, and of which the following is a copy:

ROBERT O. RIZER.                              MOSES WATERS.

R. O. RIZER & CO., BANKERS,

JUNCTION CITY,   .   .   .   .   .   .   .   .   . KANSAS.

DO a general banking business. Buy and sell foreign and domestic exchange, gold, silver, United States securities, city, county and township indebtedness, loan money, purchase notes, and make collections on all accessible points. Receive deposits. We will pay interest on time deposits, according to special agreement.                              R. O. RIZER & Co.
   jan6tf

Counsel urge that this was error, on the ground that there was no evidence that Waters ever authorized the publication of the advertisement, or knew of it. The point is not tenable, as the witness testified that Mr. Waters had been a subscriber to the paper from October 13, 1877. This brought the knowledge of the advertisement sufficiently to him to authorize the evidence to go to the jury. One Asher was permitted to testify of the common report and reputation in the community as to who comprised the firm of Robert O. Rizer & Co. As this evidence was received in connection with and corroborative of other evidence of the partnership, we do not think it objectionable. Robert O. Rizer testified that in 1879 he said to Waters that his partner, Mr. Devereau, was going out, and he would like to have him take hold with him; that Waters asked him how much money he wanted, and he said $1,000; that Waters gave him $1,000 at a subsequent day; that he used his name and caused it to be published as a member of the partnership until the assignment; that Waters never objected to such use of his name. The letter-heads used by the bank were as follows:

1. Partnership—
   proof of, by
   general report.

ROBERT O. RIZER & CO.,

ROB'T O. RIZER.
MOSES WATERS.
}

SUCCESSORS TO

THE DAVIS COUNTY SAVINGS BANK.

{ R. O. R. & Co., 1877.
  J. S. & Co., 1865.
  D. C. S. B., 1875.

JUNCTION CITY, KAS.....................188...

And Rizer testified that he had written Waters under such letter-heads. It is true that Waters swore he could not read; that the advertisement was never brought to his attention; that the letter-heads were ordered by Rizer, without his knowledge or consent; and he further stated that, if he had received letters from Rizer written upon these letter-heads, he had not noticed it, because his clerk read his letters and answered them. If Waters permitted his clerk to act in his place and for him, then he was bound by the notice brought to such clerk and his knowledge thereof. At all events, all of this evidence was competent to go to the jury. The evidence given by James Ketner of his statements about the joint liability of Rizer and Waters upon a claim which he held for collection,

we think incompetent; but in view of the evidence of Waters as to his clerk receiving letters from the bank upon letterheads showing that he was a member of the firm of Robert O. Rizer & Co., we do not think it sufficiently prejudicial to cause a reversal of the judgment.

We perceive no material error in the instructions given by the court, as the facts clearly show that, if Waters was not an actual partner, he was held out as such with his own assent or connivance. If this be true, he is responsible to every creditor or customer of the partnership, even in the absence of any evidence that the particular creditor bringing the action was misled thereby.

2. Liability of apparent partner.

Counsel complain because the court refused to submit special findings to the jury. Section 286 of the code provides that the court shall, in any case, at the request of the parties thereto, or either of them, in addition to the general verdict, direct the jury to find upon particular questions of fact, to be stated in writing by the party or parties requesting the same. This section does not give a discretion to the court, but a right to the parties. It appears, however, that a rule of the court required that notice of asking particular questions of fact must be brought to the court before the argument to the jury. The findings in this case were not presented until after the argument, and after the instructions of the court to the jury. We think the rule adopted by the court a reasonable one; therefore the refusal to submit the special findings was not error. If a party may delay the asking of findings upon particular questions of fact until after all the argument and instructions are given to the jury, it would frequently necessitate additional or further instructions, and thus cause additional delay and trouble in the proceedings of the court.

Finally, it is urged that the verdict is not supported by the evidence. An examination thereof convinces us that it was amply sufficient.

The judgment of the district court will be affirmed.

All the Justices concurring.