The opinion of the court was delivered by
Valentine, J.:
This was an action on a promissory note, brought by Albert T. Hann, the payee thereof, against John Theilen and Jacob Mertis, the alleged makers thereof. The action was originally brought before a justice of the peace, where it was decided in-favor of the plaintiff and against the defendants; and the defendant Theilen then took the case to the district court on petition in error, where the judgment of the justice was affirmed. The defendant Theilen, as plaintiff in error, then brought the case to this court for review. The case was tried in the justice’s court before the justice and a jury, and the main question presented and tried in that court was, whether the defendant Theilen was a partner of Jacob Mertis, and whether the note sued 'on was a note of the firm. It was signed by Jacob Mertis alone, but it was alleged in the plaintiff’s bill of particulars that Jacob Mertis and John Theilen were partners, and that they executed the note jointly, in the name of Mertis, as a note of-the firm. The defendant Theilen denied the partnership, under oath. Mertis made default, and the trial was had between the plaintiff, Hann, and the defendant Theilen alone. The jury found a general verdict in favor of the plaintiff, and against the defendant Theilen; and also found specially that the note was a firm-note.
The defendant Theilen claims that the justice of the peace erred in several particulars: 1. In permitting evidence to be introduced showing statements made by Mertis, in the absence of Theilen, for the purpose of proving the partnership; 2. In permitting portions of a deposition to be read in evidence which were inclosed in brackets and objected to by the defendant Theilen; 3. In giving certain instructions to the jury; 4. In overruling the defendant’s (Theilen’s) motion for a new *780 trial; and, 5. In rendering judgment in favor of the plaintiff and against the defendant Theilen.
We would think the justice of the peace did err in permitting evidence to be introduced, showing the statements of Mertis; but the court gave the following instruction, which we think cured this error, to wit: “You cannot prove a partnership between John Theilen and Jacob Mertis by admissions or statements made by Jacob Mertis when John Theilen was not present.”
There was also some of the evidence enclosed in brackets-in said deposition, which should not have been read to the-jury. But we can hardly say that the admission of such evidence was material error; but if it was, can a judgment of a justice of the peace be reversed for such an error? We shall consider this question hereafter.
We would hardly think that the justice of the peace committed material error in his instructions to the jury; but if he did, we might then put this question: Can a judgment of a justice of the peace be reversed because of improper instructions?
We come now to the question whether the justice of the peace erred in overruling the defendant’s motion for a new trial; and in .discussing this question we shall include and discuss all the other supposed errors committed by the justice of the peace.
The only provision of law authorizing a justice of the peace to grant a new trial in civil cases, reads as follows:
“Sec. 110. It shall be lawful for the justice before whom a cause has been tried, on motion of the party aggrieved, and being satisfied that the verdict was obtained by fraud, partiality, or undue means, or that the verdict is not sustained by sufficient evidence, or is contrary to law, at any time within five days after the day of trial, to grant a new trial; and he shall set a .time for the new trial, of which the opposite party shall have at least ten days’ notice.” (Comp. Laws 1879, p. 718, § 110.)
Now while it is possible that a justice of the peace might *781 in some rare and exceptional cases grant a new trial upon some other ground than any of those mentioned in the foregoing section of the law, yet we do not think that a justice of the peace could commit such an error by refusing to grant a new trial as would authorize a reversal of the judgment of the justice, unless some one of the grounds mentioned in the foregoing section for a new trial clearly existed in the case.' (Clark v. Imbrie, 25 Kas. 424; Kerner v. Petigo, 25 Kas. 652; Stager v. Harrington, ante, p. 414.
It is not claimed in this case that the verdict was obtained by fraud, partiality, or undue means.; and hence, unless we find that the verdict is not sustained by sufficient evidence, or is contrary to law, it will be our duty to affirm the judgment •of the court below.
Now while we think that we can examine the evidence introduced on the trial, and the instructions given by the justice of the peace to the jury, for the purpose of determining whether the verdict is sustained by sufficient evidence or not, •or whether it is contrary to law or not, yet we do not think that we can examine the evidence or the instructions for the •sole purpose of reversing the judgment, provided that no •other error exists than that evidence was erroneously admitted or excluded, or that instructions were erroneously given or refused. Such errors of law occurring at the trial do not ■necessarily subject the verdict to the objection that it is not sustained by sufficient evidence, or is contrary to law. A verdict may be sustained by ample evidence, and may be in •entire harmony with the law,.and yet evidence may have •been erroneously admitted or excluded, and instructions may have been erroneously given or refused. Hence it is only in rare cases that a judgment can be reversed for such errors as these occurring at the trial, where' the only grounds presented to the appellate court for such reversal are that the verdict is not sustained by sufficient evidence, or that it is •contrary to law. Upon this proposition, see the case of Clark v. Imbrie, ante.
In the case just cited, these grounds — that the verdict was *782 not sustained by sufficient evidence, and was contrary to law • — were contained in the motion for a new trial; but none of “the errors of law occurring at the trial” prior to the occurrence of these grounds for the new trial, were mentioned in the motion for the new trial; hence it was held that these prior errors occurring at the trial were waived. See also the 'case of Rice v. Harvey, 19 Kas. 144, 148, 149. Now a justice of the peace is not authorized by statute to grant a new trial for these prior errors — errors in the admission or the exclusion of evidence, and errors in giving or refusing instructions; hence it would not be proper to mention these prior errors in a motion for a new trial in a justice’s court, or if they were mentioned in such motion for a new trial, the justice could not consider them; hence a motion for a new trial in a justice’s court, where it is not claimed that there was fraud, partiality or undue means used in obtaining the verdict, is not, and cannot, be better than was the motion for the new trial in the case of Ciarle v. Imbrie, ante. And if the supreme court could not reverse the judgment in that case, it cannot in this. In other words: If the justice of the peace had no right to grant to the defendant Theilen a new trial upon the application made by him, then the justice did not err in overruling the motion for the new trial; and if the justice should not have granted the new trial and did not err, then neither the district court nor the supreme court can grant the new trial, nor reverse the ruling of the justice made upon such motion. A case taken from a justice of the peace to the district court on petition in error, where it is not claimed that the verdict was obtained by fraud, partiality, or undue means, must be treated in the same manner as a case taken from the district court to the supreme court upon petition in error, where the only assignments of error are that the verdict is not sustained by sufficient evidence, or is contrary to law; because, as we have before stated, if it is not claimed that the verdict in the justice’s court was obtained by fraud, partiality, or undue means, then the only other grounds in such court for a new trial are that the verdict is not sustained by sufficient *783 evidence, or that it is contrai’y to law. Then we simply come to these questions in the present case: Is the verdict of the jury in the justice’s court sustained by sufficient evidence, or not; and is it contrary to law, or not? In our opinion there was sufficient legal and competent evidence to sustain the verdict of the jury; and we think the verdict is not contrary to law. There was sufficient evidence to show that Theilen and Mertis were partners in this particular transaction, if in no other transaction. The evidence would seem to show that Theilen and Mertis bought the property in partnership, for which the note was given; and it would also seem to show that Theilen recognized the signing of the note by Mertis alone, in his own name, as binding upon both of them, and as a signing for both of them. Of course, there was evidence to-the contrary. Theilen himself testified to the contrary; and if the jury had found in favor of Theilen, undoubtedly their verdict would have been upheld; but wé think their verdict in favor of the plaintiff and against Theilen is sustained by sufficient evidence; and we are inclined to think that it is-right.
The judgment of the court below will be affirmed.
All the Justices concurring.