N. C. THOMPSON v. JOHN POST.

JUDGMENT *Before a Justice, not Reversed in District Court, When.* A judgment rendered in an action tried before a justice of the peace with a jury, cannot be reversed under § 110, chapter 81, Comp. Laws of 1879, for errors occurring on the trial, upon proceedings in error to the district court, where the record does not contain the evidence introduced upon the trial, or on the hearing of the motion for a new trial.

*Error from McPherson District Court.*

ACTION by *Thompson* against *Post*, to recover upon a promissory note. Judgment for defendant, at the May Term, 1885. The plaintiff brings the case here. The opinion states the facts.

*E. M. Clark*, for plaintiff in error.

*Lucien Earle*, for defendant in error.

Opinion by SIMPSON, C.: This action was tried before a jury in a justice's court; verdict and judgment for plaintiff in error; motion for a new trial overruled, and exceptions taken. Subsequently the cause was taken to the district court upon proceedings in error, and reversed. In this court a reversal is sought of the judgment of the district court. The

case is controlled by §110, chapter 81, Comp. Laws of 1879, which reads:

"It shall be lawful for the justice before whom a cause has been tried, on motion of the party aggrieved, and being satisfied that the verdict was obtained by fraud, partiality, or undue means, or that the verdict is not sustained by sufficient evidence, or is contrary to law, at any time within five days after the day of trial to grant a new trial; and he shall set a time for the new trial, of which the opposite party shall have at least three days' notice."

In 1885 this section was amended, and it now reads:

"The justice before whom a cause has been tried, on motion of the party aggrieved at any time within five days after the decision or verdict, shall vacate the decision or verdict and grant a new trial for the same reasons and upon the same terms and conditions as provided in the code of civil procedure in like causes; and he shall set a time for a new trial, of which the opposite party shall have at least three days' notice." (Comp. Laws of 1885, ch. 81, §110.)

This last section, however, does not apply, as the cause was tried while said §110, ch. 81, Comp. Laws of 1879, was in force.

As neither the evidence on the trial nor on the hearing of the motion for a new trial is contained in the record, and as there was nothing before the district court showing that the verdict was obtained by fraud, partiality, or undue means, or that the verdict was not sustained by sufficient evidence, or that it is contrary to law, within the authority of *Theilen v. Hann*, 27 Kas. 778, the judgment of the district court must be reversed. It is therefore recommended that this cause be remanded, with instructions to the district court to affirm the judgment rendered before the justice of the peace.

By the Court: It is so ordered.

All the Justices concurring.