## FRANK E. CRANE v. RING & SMITH.

FIRM DEBT, *Action against Partner for.* An action was commenced against C. upon an account for goods purchased and received by him. He answered, denying that he purchased the goods, but alleged that they were purchased by the firm of C. & T., of which he was a member. *Held,* That under the statute of this state, making all contracts joint and several, and also permitting actions to be brought against any one or more of the partners who are liable, judgment was properly rendered against C., although he may not have purchased the goods mentioned in the account individually, but only as a member of the firm of C. & T.

*Error from Franklin District Court.*

ACTION by *Ring & Smith* against *Crane* on an account for goods sold. Verdict and judgment for the plaintiffs, at the January term, 1889. The defendant brings error. The opinion states the facts.

*John W. Deford,* for plaintiff in error.

*W. Littlefield,* and *H. P. Welsh,* for defendants in error.

The opinion of the court was delivered by

HORTON, C. J.: Action brought by Ring & Smith against
Frank E. Crane on an account for goods sold and delivered to
him, at his request, amounting to $1,282.57, with 7 per cent.
per annum on the sum of $1,185.37 from the 30th of Decem-
ber, 1886, and, on $97.20, interest from October 7, 1887.
Crane answered, admitting the correctness of the items making
up the $97.20 which accrued in 1887, and alleged a tender of
that amount before the action was commenced, and offered to
bring it into court and pay plaintiff. He denied, however,
"all and singular, the allegations contained in the petition,"
and "the items in the account, save and except those men-
tioned and admitted in the first paragraph of the answer."
In the fourth paragraph of the answer, he "alleged that about
the 27th of December, 1886, plaintiffs delivered to the firm of
Crane & Toms, of which the defendant and G. V. Toms were
the members, the goods valued at $1,185.37," and then set forth
a special contract between the plaintiffs and the firm of Crane
& Toms as to those items, and full performance on its part.
He asked judgment for costs, "and that he might go hence
without day." Plaintiffs replied by a general denial. Trial
before the court with a jury; verdict for plaintiffs for the
whole demand; motion for a new trial overruled, and judgment
on the verdict. Defendant below excepted, and brings the
case here.

Upon the trial, Ring & Smith offered evidence tending to
prove that the goods in the account, amounting to $1,185.37,
were sold and delivered on the 30th day of December, 1886,
to Frank E. Crane, and not the firm of Crane & Toms. On
the part of the defendant below, evidence was offered tending
to prove that the firm of Crane & Toms received the goods
to sell or trade off, under a special contract alleged in the an-
swer. The court charged the jury, among other things—

"That if there was an actual sale and delivery of the goods
set forth in the petition on the 30th of December, 1886, either
to Crane or to the firm of Crane & Toms, the plaintiff was

entitled to recover, although there was a partnership existing between Crane and Toms at the time of the purchase, and the firm made the purchase."

It is contended that the answer of defendant below was in the nature of a plea in abatement, and that as Frank E. Crane only was sued, the plaintiff was not entitled to recover, if Crane & Toms were partners, and as such partners purchased the goods in the account sued on. It was said in *Williams v. Muthersbaugh*, 29 Kas. 730, that "In this state the statutes provide, among other things, that 'All contracts which by the common law are joint only shall be construed to be joint and several;' and 'In all cases of joint obligations and joint assumptions of copartners or others, suits may be brought and prosecuted against any one or more of those who are so liable;'" (Comp. Laws of 1879, p. 209, §§ 1–4;) and "Judgment may be given for or against one or more of several plaintiffs, and for or against one or more of several defendants." (Civil Code, § 396; see also *Alvey v. Wilson*, 9 Kas. 405; *Pullam v. Abrahams*, 29 id. 725; *Smith v. Straub*, 41 id. 7.)

Under the statute, as all contracts with partners are joint and several, each and every partner is liable to pay the whole claim or debt. In what proportion a copartner should contribute, is a matter merely among the partners themselves. We do not think, under the statutes and practice prevailing in this state, that the allegation in the answer of the purchase by the firm of Crane & Toms was sufficient to defeat the action, either as a plea in abatement or otherwise. The most that can be said in favor of the defendant below is, that there was a variance between the petition and proof, if it be assumed that the purchase of the goods mentioned in the account was made by the firm of Crane & Toms. But § 133 of the civil code provides that no variance between the allegations in a pleading and the proof is material, unless it has actually misled the adverse party to his prejudice. Clearly, the defendant below was not misled. As he is liable upon the account, whether he purchased the goods individually, or as a member of the firm of Crane & Toms, judgment was properly rendered

against him. It does not appear that Crane asked or requested, by motion or otherwise, that G. V. Toms, or the firm of Crane & Toms, should be made parties defendant. Under the common-law practice, the rulings of the district court could not be sustained, but the statutes of our state permit a party who is personally liable upon a contract, or as a partner, to be sued individually.

The judgment of the district court will be affirmed.

All the Justices concurring.