## HATFIELD & SMITH v. ITHEAL FARNUM.

ACTION ON ACCOUNT—*Counterclaim—Judgment on Pleadings.* An action was brought upon an account, the correctness of which was verified by affidavit. Defendants filed a verified answer, conceding the account, but stating that they purchased commercial drafts from a banking firm of which plaintiff was a partner, and that the drafts were dishonored and protested, and they were compelled to redeem the same. The amount of the indebtedness thus arising exceeded plaintiff's claim, and defendants demanded judgment for the difference. Plaintiff replied with a verified denial of the allegations of the answer. Both parties declined to offer evidence, and submitted the case upon the pleadings. The court gave judgment in favor of the plaintiff for the amount of his account. *Held,* Not error.

*Error from Ford District Court.* .

THE opinion contains a sufficient statement of the case.

*Sutton & McGarry,* and *R. E. Burns,* for plaintiffs in error..
*Rossington, Smith & Dallas,* for defendant in error.

The opinion of the court was delivered by

JOHNSTON, J.: Itheal P. Farnum brought this action be-
fore a justice of the peace to recover from Hatfield & Smith
$132.65, for merchandise sold and delivered to them. At-
tached to the bill of particulars was an account, the correct-
ness of which was duly verified by affidavit. Hatfield &
Smith answered by a bill of particulars, which admitted the
correctness of Farnum's account, but stated that he was in-
debted to' them in the sum of $216.90, which they claimed..
They alleged that, at the time they became indebted to Far-
num, he and two other persons were engaged in the banking·
business under the firm-name of the Bank of Ford, and that·
they purchased from the bank three commercial drafts, aggre--
gating $216.90, each of which was dishonored at the place·
of payment, and Hatfield & Smith were compelled to re-
deem them. They asked judgment for the difference between·
$216.90, the amount of their claim, and $132.65, the amount·
of Farnum's account, together with the costs of the action.
Their bill of particulars was also verified. Farnum replied,
denying every allegation in the answer or bill of particulars·
of Hatfield & Smith, except wherein they admitted his ac-
count; and this reply was also verified.

A trial before the justice of the peace resulted in a judg-
ment in favor of Farnum for $134.79, when an appeal was·
taken to the district court. When the case came up for hear-
ing in the district court, each party moved the court for judg-
ment on the pleadings, and each party standing on the pleadings·
and offering no evidence, judgment was rendered in favor of
Farnum for the amount of his claim, $136.75. Hatfield &.
Smith excepted to the ruling of the court, and bring the case·

up for review. They contend that they were entitled to set off the partnership debt of the Bank of Ford, in which Farnum was a partner, against his demand for merchandise, and also to a judgment for the balance between the two demands in their favor; and hence they urged that the judgment given in favor of Farnum was erroneous.

Their defense was good, and, if it had been established by proof, they would have been entitled to a judgment against Farnum. Each member of a partnership is severally liable for the partnership debts, and as Hatfield & Smith might have maintained an independent action against Farnum alone, if a member of the firm of the Bank of Ford, so they are at liberty to set up the demand in the action of Farnum. This question has recently been determined in the case of *Crane v. Ring*, ante, p. 58. (See, also, *Carson v. Barnes*, 1 Ala. 93; *Redman v. Malvin*, 23 Iowa, 296; *Pate v. Gray*, 1 Hemp. 155; *Dunn v. West*, 5 B. Mon. 376; *Newell v. Salmons*, 22 Barb. 647.) No proof of the facts alleged in the answer, however, was offered, and as the pleadings stood they were not entitled to recover. It is true their answer was verified; but in that answer the correctness of Farnum's account and his right to a credit for the full amount of his claim was specifically admitted. The verification of Farnum's account did not shut out the defense of Hatfield & Smith. They had the right to introduce evidence to prove any set-off or counterclaim which they had against Farnum, although they did not deny the correctness of his account. (*Baughman v. Hale*, 45 Kas. 453.) The demand of Farnum being admitted, no evidence was necessary to his recovery on the same, or at least to a credit of the amount of his account. By the verified reply of Farnum, he denied that he was a member of the partnership of the Bank of Ford, and it devolved on Hatfield & Smith not only to prove the existence of the partnership and that Farnum was a member of the same, but also to establish by competent proof that the Bank of Ford was indebted to them. For some reason they rested on their pleadings and offered no proof. It is difficult to understand what their purpose was;

but declining to offer proof to establish their set-off, and standing upon the pleadings, no other course was left for the court than to render judgment for the plaintiff, Farnum, whose account was admitted.

The judgment of the district court must therefore be affirmed.

All the Justices concurring.