THE STATE OF KANSAS v. JOHN SNODGRASS.

1. CRIMINAL CASE — *Jurors, When Competent, When not.*  Light impressions, obtained from vague rumors or the reading of abbreviated and partial newspaper reports, are not sufficient to render obnoxious to challenge a juror whose mind is open to a fair consideration of the testimony; but where persons called to try a cause hold strong and deep impressions which amount to opinions, and which are of a fixed and positive character, such as will require evidence to change, they should not be retained as jurors, although they may testify that they believe they can render an impartial verdict.

2. DISQUALIFIED JURORS, *Trial by.*  Errors in compelling a trial by disqualified jurors may be available without bringing up all of the evidence upon an appeal.

3. APPEAL.—*Record, When Sufficient.*  When the defendant brings with the record so much of the proceedings as discloses that he has not been accorded a trial by a legally-constituted jury, he has shown affirmative error which entitles him to a reversal, unless something contained in the record shows the error to be unprejudicial.

*Appeal from Hamilton District Court.*

JUNE 27, 1893, *John Snodgrass* was convicted of rape.. He appeals. The opinion states the material facts.

*Sutton & McGarry,* for appellant:

There was not a substantial compliance with the statutes in the selection of this jury, and the defendant in a criminal action has "the right to insist that there shall be a substantial compliance with the law." And where there is a departure from the statutes in the selection of a jury, it is sufficient ground to quash the panel. *The State v. Jenkins,* 32 Kas. 479.

The most palpable invasion of the defendant's rights in the trial of this case occurs in the selection of a jury to sit in the trial. The record brought here shows that 18 of the jurors called into the box for examination were held by the court to be qualified. Six of these men were peremptorily challenged by the defendant, and the state waived all its peremptory challenges. Seven of these were challenged by the defendant for cause, which challenges were by the court overruled, and exceptions saved by the defendant. The defendant here insists,. as he did below on motion for a new trial, that the court erred in overruling each of said challenges. The rule for the exclusion of jurors upon a challenge for cause, as announced in *The State v. Beatty,* 45 Kas. 502, we think required the court. to sustain the challenge of the defendant to each of these jurors. See, also, *The State v. Miller,* 29 Kas. 46; *The State v.. Medlicott,* 9 id. 257.

*John T. Little,* attorney general, *U. T. Tapscott,* county attorney, and *H. F. Mason,* for The State:

Defendant relies largely upon the case of *The State v. Beatty,* 45 Kas. 492, and seems to assume that the commissioner's opinion in that case establishes the doctrine, that if a juror says that he has an opinion which it would require evidence to remove, he is necessarily disqualified., We do not so understand the effect of that decision. If such is actually

the effect of the decision, then it is clearly in conflict with the doctrine first announced by this court in *The State v. Medlicott*, 9 Kas. 257, followed in numerous other cases, and expressly approved in the specially concurring opinion of Justice BREWER in *The State v. Miller*, 29 Kas. 48. Such a statement by a juror, standing alone and unexplained, would of course be good ground of challenge, but it may be so qualified as to become immaterial. A careful examination of the whole testimony of each juror will show that as a matter of fact he was a fair trier of the case.

We submit that the test of a disqualifying opinion based upon the requiring of evidence to remove it is one easily capable of being overworked. Considered in the usual acceptation of the language — as understood by the average juror — the question asked of an existing opinion, "Would it require evidence to remove it?" is a meaningless form, admitting of but one answer, an affirmative. How is it possible for one to have an opinion that it would not take some evidence to remove? How can one be rid of an existing opinion or impression, however slight and inconsiderable it may be, except by receiving new information?

Chief Justice Marshall, in the Aaron Burr case, quoted with approval by this court in *The State v. Medlicott*, 9 Kas. 279, describes the opinions which do not disqualify as "light impressions, which may be supposed to yield to testimony that may be offered." Clearly, an impression or opinion that yields to testimony is one that it takes testimony to remove. See *The State v. Barton*, 8 Mo. App. 15; *Ortwein v. Commonwealth*, 76 Pa. St. 414; *People v. Barker*, 27 N. W. Rep. (Mich.) 539–541; *Garlitz v. The State*, 18 Atl. Rep. (Md.) 39–41.

In the following cases, the test of requiring "evidence to remove" the opinion is expressly repudiated: *Ulrich v. People*, 39 Mich. 245–248; *The State v. Lawrence*, 38 Iowa, 51–54; *The State v. Saunders*, 12 Pac. Rep. (Ore.) 441–443; *Sneed v. The State*, 1 S. W. Rep. (Ark.) 68–70; *The State v. Cunningham*, 12 id. (Mo.) 376, 377; *Garlitz v. The State*, 18 Atl.

Rep. (Md.) 39–41; *Hall v. Commonwealth*, 15 S. E. Rep. (Va.) 517, 518; *Commonwealth v. McMillan*, 22 Atl. Rep. (Pa.) 1029, 1030; *The State v. Dent*, 7 So. Rep. (La.) 694–696; *Sivar v. The State*, 9 S. W. Rep. (Tex.) 552–554; *English v. The State*, 12 So. Rep. (Fla.) 689–693; *The State v. Millain*, 3 Nev. 409; *The State v. Carson*, 50 Ala. 134; *People v. King*, 27 Cal. 507; *Wilson v. The State*, 94 Ill. 299; *Ogle v. The State*, 33 Miss. 383; *Guetig v. The State*, 66 Ind. 94.

While several of the statutes under which these decisions were rendered differ from that of Kansas in the language used in defining the qualifications of a juror, the same purpose is apparent in all of them, namely, to secure such a jury as can give the evidence an impartial consideration. None of these statutes permits a man to sit on a jury if he has such an opinion as will affect his judgment, and no decision excludes a juror on account of his opinion except on the theory that it would affect his judgment. The question discussed in all these cases is, whether an opinion which requires evidence to remove it is one which will necessarily influence the judgment of the juror, and the reasoning is as pertinent here as elsewhere.

The opinion of the court was delivered by

JOHNSTON, J.: On the 27th day of June, 1893, John Snodgrass was convicted upon a charge of rape, alleged to have been forcibly committed upon the person of Annie A. Loomis, and the punishment adjudged was confinement in the penitentiary at hard labor for a term of 12 years. In his appeal, he justly complains of the action of the court in overruling challenges for cause made to several persons who were called as jurors. There were four or five of the persons so unsuccessfully challenged who held opinions of a fixed character, and which disqualified them as jurors, under the rule which obtains in this state. (Crim. Code, § 205.) Several of them stated, upon examination, that they had heard the facts discussed by numerous persons, some of whom were interested;

that they had formed opinions as to the merits of the case from the statements made to them by persons whose truthfulness and integrity they did not doubt; and that the opinions which they had formed and still held would remain until they were removed by evidence.   Several of them had freely stated their own opinions as to important facts and upon some of the principal points that were to be tried.   It is true that some of them, upon being pressed, stated that, notwithstanding the opinions held and expressed, they could fairly try the case and render a verdict according to the evidence; but persons who have formed and expressed an opinion upon the material facts to be tried, and which will be entertained by them until contrary evidence is produced, can hardly be called impartial jurors.   One of them, who stated that he had an impression rather than an opinion, and who thought he could render a verdict upon the evidence regardless of what he had heard and said, positively stated that the opinion was formed upon statements made by persons concerning the merits of the case; that he believed the statements to be true, and that he would continue to entertain the opinion or impression thus formed until he heard contradictory evidence.   Another, who thought he could impartially try the case upon the evidence alone, afterward stated that he had heard and read of the facts, and from them formed an opinion that the defendant assaulted the girl and had sexual intercourse with her, and that it would take evidence to remove that opinion from his mind.   When subsequently asked if he could fairly try the case with his mind in that condition, he replied, "No; I do n't know as I could."   It is true that light impressions, obtained from vague rumor or the reading of abbreviated and partial newspaper reports, are not sufficient to render obnoxious to challenge a juror whose mind is open to a fair consideration of the testimony. (*The State v. Medlicott*, 9 Kas. 257.)   But where, as in this case, the jurors hold strong and deep impressions which amount to opinions, and which are of a fixed and positive character, such as will require evidence to change, it is an abuse of discretion to admit them as jurors, although they may

testify that they believe they can render an impartial verdict. (*Morton v. The State*, 1 Kas. 468; *The State v. Brown*, 15 id. 400; *The State v. Miller*, 29 id. 43; *The State v. Beatty*, 45 id. 492.)

The error of the court in overruling the challenges is material, as three of the obnoxious jurors were retained to try the cause, and the defendant exhausted all his peremptory challenges in an effort to exclude from the jury those who were objectionable to him. We cannot overlook this error, or treat it as immaterial, on account of the absence of the testimony. In some cases, errors in the overruling of challenges have been held insufficient to reverse, where, upon the whole record, it appeared that no prejudice resulted; but it has never been ruled that errors of this character are only available when all of the evidence has been preserved. Defendant was entitled to an impartial jury, constituted as the law prescribes, and when he has brought so much of the record as discloses that he has not been accorded a trial by a legally-constituted jury, he has shown affirmative error which entitles him to a reversal, unless something contained in the record shows the erroneous ruling to be unprejudicial. (*The State v. Madden*, 1 Kas. 340; *The State v. Snyder*, 20 id. 306; *Pracht v. Whittridge*, 44 id. 710; *Ehrhard v. McKee*, 44 id. 715.) It appears from the record that there was a trial upon the merits, and, further, that some of the jurors had previously formed and expressed opinions upon some of the issuable facts that they were impaneled to try. For this reason the judgment will be reversed, and the cause remanded for another trial.

All the Justices concurring.