JOHN A. STEVENS v. GEORGE W. BEASELEY.

No. 304.

1. PRACTICE, DISTRICT COURT—*Error from Justice of the Peace.* Sections 146, 147 and 148 of chapter 103, General Statutes of 1897 (Gen. Stat. 1889, ¶¶ 4962, 4963, 4964), control in respect to proceedings in error taken to review a judgment of a justice of the peace.

2. ———— *Review of Instructions—Absence of Evidence.*   In proceedings in error taken to review a judgment of a justice of the peace, alleged errors in giving and refusing instructions cannot be considered, in the absence of the evidence offered at the trial wherein such judgment was rendered.

Error from Finney district court; WM. EASTON HUTCHISON, judge.   Opinion filed February 14, 1899. Affirmed.

*A. J. Hoskinson,* and *H. F. Mason,* for plaintiff in error.

*Milton Brown,* for defendant in error.

48—8 KAN. APP.

The opinion of the court was delivered by

MILTON, J.: The defendant in error sued the plaintiff in error before a justice of the peace of Finney county to recover a balance claimed to be due for pasturing cattle. Stevens filed a bill of particulars claiming judgment for loss of cattle occasioned by Beaseley's negligence. A trial by jury was had, resulting in a verdict and judgment for Beaseley in the sum of $152.58. Stevens carried the case to the district court by petition in error and bill of exceptions. The district court sustained Beasley's motion to dismiss the proceedings in error. Plaintiff in error now asks that such decision be reversed. In the bill of exceptions the instructions given by the justice of the peace were set out, but the evidence was not preserved. If was therein stated, however, that the instructions were applicable to the testimony, and that there was evidence introduced by the defendant below tending to show negligence on the part of Beaseley, and evidence by the latter to a contrary effect.

The proceedings in error from the justice's court were taken under section 1, chapter 92, Laws of 1897 (Gen. Stat. 1897, ch. 95, § 313), which provides that it shall only be necessary to incorporate in a bill of exceptions so much of the evidence as is necessary to present the error complained of, and that, where error is assigned on the instructions, the instructions given by the court shall be incorporated in the record, as well as those refused on which error is predicated, and it shall be sufficient to state that testimony was offered to which the instructions on which the error is predicated were applicable, without incorporating any such testimony in the record.

Counsel for plaintiff in error contend that the bill of

exceptions was sufficient and valid under the forego-
ing provisions, while counsel for defendant in error
claims that said chapter 92 is void.   The title thereof
reads : "An act entitled An act amendatory of sec-
tion 303, Laws of 1889, concerning civil procedure
and exceptions in writing, and requiring the supreme
court to prescribe rules for the making of records in
appeals and proceedings in error to the appellate
court."

Section 1 of the act purports to amend section 303
of the Laws of 1889.   An examination of the Laws of
1889 shows that there is no section 303 therein, and
section 303 of the General Statutes of 1889 relates to
probate courts.   Apparently, therefore, chapter 92 is
wholly inoperative ; but even if said act be considered
valid, it clearly relates to proceedings in error from
district courts to the supreme court or to the courts of
appeals.   The provisions of sections 146, 147 and 148
of chapter 143, General Statutes of 1897, control in
respect to proceedings in error taken to review a judg-
ment of a justice of the peace.   This view is sup-
ported by the language of section 14 of said chapter
103 (Gen. Stat. 1889, ¶ 5041), and by the following
cases : *Alvey v. Wilson*, 9 Kan. 401, and *Kerner v.
Petigo*, 25 id. 652.

Section 148, *supra*, which was enacted in 1870, reads :

" In all bills of exceptions it shall be competent for
the party preparing the same to set out the pleadings,
motions and decisions of the justice of the peace
thereon, and the whole of the evidence given, or so
much as may be necessary to preserve the point or
points raised and decided on the trial, and the rulings
and decisions of the court and exceptions made thereto
on the trial."

At that time the action of a justice of the peace in
giving and refusing instructions was not reviewable.

(*Theilen v. Hann*, 27 Kan. 778.) By section 3, chapter 152, Laws of 1885 (Gen. Stat. 1889, ¶ 4960, Gen. Stat. 1897, ch. 103, § 144), it was provided that a justice of the peace might grant a new trial for the same reasons and on the same terms and conditions as were provided in the code of civil procedure in like causes. · Prior to the passage of chapter 92, Laws of 1897, the supreme court, in the case of *Comm'rs of Allen Co. v. Boyd*, 31 Kan. 765, 3 Pac. 523, had decided as follows :

"Where certain instructions given by the district court to the jury are alleged for error, *held*, that in the absence of all the evidence the supreme court cannot tell whether such instructions are materially erroneous or not."

We think this decision is applicable and controlling in the present case, and that all of the evidence relating to the matters referred to in the instructions complained of should have been preserved. The district court did not err in dismissing the proceedings in error and its judgment will be affirmed.