No. 30,376.

J. W. Lawson, *Appellee*, v. The Lawrence Oil and Gas Company, Wm. LaCoss et al., *Appellants* (Carl Kreider, G. G. Wiechen, and Lucy A. Wiechen, *Appellees*).

No. 30,377.

J. W. Lawson, *Appellee*, v. G. G. Wiechen et al., *Appellees* (C. Schaake et al., *Appellants*).

(12 P. 2d 711.)

Opinion filed July 9, 1932.

*F. B. Dodds, Edward T. Riling* and *John J. Riling,* all of Lawrence, for the appellants.

*J. B. Wilson,* of Lawrence, for appellee J. W. Lawson; *George K. Melvin,* of Lawrence, for appellees G. G. Wiechen and Lucy A. Wiechen.

The opinion of the court was delivered by

DAWSON, J.: These were actions on two promissory notes acquired by plaintiff after their maturity. The main defenses were that the notes were incidents of a certain partnership relationship existing between the makers; that this partnership had not been wound up; that plaintiff's rights were merely those which the assignor of the notes could transfer to him; that the assignor was one of the partners, and there had been no accounting between them; and consequently that no action on the notes was maintainable. Another defense was that the second note was executed to pay off the first.

The material facts concerning the partnership were these: In 1922 one G. G. Wiechen owned a farm in Woodson county and he interested a number of Douglas county men in its possibilities for the production of oil and gas. These persons and Wiechen organized a partnership for its development under the name and style of the Lawrence Oil and Gas Company. The partners got together the sum of $10,400, which they turned over to Wiechen. He transferred to the partnership an oil and gas lease on his farm and drilled one well on it. Some oil was discovered. To develop and market the oil the partnership borrowed $1,000 from a Lawrence bank. To evidence the respective interests of the partners, it was agreed to consider the total assets as thirty-two units or shares, and that each partner should be deemed the owner of whatever number of such shares or units his contribution to the partnership assets would entitle him. Some of the partners held two units, some one, and Wiechen held seven units.

All of the partners were eventually impleaded in the action, although there was no service of summons on three of them and those three made no appearance. One defendant, Carl Kreider, denied under oath that he had been a member of the alleged partnership, and also denied the indebtedness. Wiechen filed a separate answer in which, among other matters, he pleaded the necessity of an accounting of the partnership affairs and prayed that such an accounting be had. One group of defendants similarly pleaded the

necessity of an accounting. Another group alleged that the $1,000 note had been paid with money collected by Wiechen from an assessment the partners had levied upon themselves, and—

"Defendants further allege and show to the court that if said note was not paid by said G. G. Wiechen in the manner and under the conditions as hereinbefore stated, then the amount evidenced by said note involves a partnership settlement between the members of said partnership named in this answer."

Plaintiff's reply admitted the existence of the partnership and that the notes were executed in its behalf, but denied everything inconsistent with the allegations of his petition, and prayed judgment.

The two actions were tried together by the court without a jury. An accounting of the partnership affairs was had. It was shown that the activities of the partnership had ceased several years before this action was begun. The court made findings of fact designating the personnel of the partnership which had existed under the firm name and style of the Lawrence Oil and Gas Company—

"And the court further finds that the defendant, Carl Kreider, was engaged in the same business with said defendants, but that said Carl Kreider having denied the existence of a partnership among said defendants and himself under oath as permitted by law, the evidence fails to disclose the partnership and hence the said Carl Kreider is not bound by the pleadings and was not one of the partners."

The court found that plaintiff was entitled to recover the sum of $1,466.48 on the $1,000 note, and that judgment for that amount should be rendered against Wiechen and wife, and found, also, that for $1,086.31 of that judgment certain other defendants who had been members of the partnership were liable, to wit, Burnett, Smith, La Coss, McCarty, Puffet, Miller, Burns, Griesa, Hemsinger, Schaake, Green, Dodds, Hines, Pontius, and John F. Wiechen. The trial court also decreed that if one or more of defendants should satisfy the whole judgment he or they would be entitled to contribution from the others in proportion to their units of interest in the partnership.

The findings and judgment on the second note, with the exception of the amount, were to the same effect.

Motions for a new trial were overruled, and eleven of the defendants appeal urging certain errors. Defendants G. G. Wiechen and wife, Puffet, Hines, Pontius and John F. Wiechen acquiesced in the judgment and have not appealed. Plaintiff makes no complaint that Carl Kreider was relieved of his partnership liability,

but Kreider files a brief here in support of the judgment in his behalf as against the contention of the appellants herein.

Taking up the errors urged against the judgment in the order of their presentation, it is first contended by the appealing defendants that when the court found that the notes sued on were given in partnership transactions the action should have been dismissed, and that until an accounting and final settlement of the partnership affairs had been effected the action was prematurely brought. The record does not show when these actions were begun, but it may be inferred that it was in 1929, and it is clear that the partnership had been moribund since 1925, and that no effort to wind up its affairs had been undertaken. When these actions were instituted the pleadings of nearly all the litigants admitted the fact of the partnership—a circumstance the plaintiff was apparently unaware of when he brought the actions. Plaintiff's reply admitted the fact of the partnership and he joined with those defendants who sought to have an accounting. The action was tried as one for an accounting and final settlement of the partnership affairs, and it was upon the result of that accounting that defendants' liability on these notes was determined. Therefore the error based on this point cannot be sustained.

The next objection to the judgment is based on the court's ruling that each of the defendants was liable for the full amount of the indebtedness evidenced by the notes. Such ruling, however, was correct law. Except in limited and nontrading partnerships it is elementary that every partner is liable for the full amount of the debts of the partnership. (*Rizer & Co. v. James,* 26 Kan. 221, 224; *Deitz v. Regnier,* 27 Kan. 94; *Crane v. Ring,* 48 Kan. 58, 28 Pac. 1010; *Hatfield v. Farnum,* 48 Kan. 126, 128, 29 Pac. 395; *Barber v. Emery,* 101 Kan. 314, 167 Pac. 1044; 20 R. C. L. 912, 913; 47 C. J. 905.) It is also elementary law that when one of a group of partners does satisfy its indebtedness, willingly or on execution *in invitum,* he is entitled to contribution *pro rata* from his fellow partners when the partnership is wound up. (*Clouch v. Moyer,* 23 Kan. 404; *Clark v. Mills,* 36 Kan. 393, 13 Pac. 569; *Farney v. Hauser,* 109 Kan. 75, 198 Pac. 178; 20 R. C. L. 925, 926; 47 C. J. 809.) See, also, 13 C. J. 820, *et seq.*

Error is urged because the trial court found that A. C. Pontius was a partner and liable with the others in these actions. Pontius himself, however, has not appealed, so the point need not concern

these appellants. His adjudicated·liability cannot possibly prejudice them. It may eventually result to their advantage.

It is next contended that the court erred in finding that John F. Wiechen owned only one unit of the partnership assets instead of two. The record presented here does not permit us to determine the point independently. Moreover, this point was not raised in the motion for a new trial; consequently it is not now open for our review. (*City of Atchison v. Byrnes,* 22 Kan. 65, 67; *Decker v. House,* 30 Kan. 614, 1 Pac. 584; *Brick v. Fire Insurance Co.,* 117 Kan. 44, syl. ¶ 2, 230 Pac. 309; *State v. Bell,* 121 Kan. 866, 869, 870, 250 Pac. 281.)

Another complaint is based upon the trial court's finding and conclusion that Carl Kreider was not liable on the judgment along with these appellants. Counsel for Kreider objects to the consideration of this phase of the appeal for the alleged reason that judgment was pronounced in Kreider's favor on March 28, 1930, and that this appeal was not taken until June 27, 1931—some fifteen months later. However, after the judgment of March 28, 1930, was announced (if indeed any judgment was rendered on that date) a timely motion for a new trial was presented, argued and taken under advisement, and final judgment was rendered on January 3, 1931. In this latter judgment the record recites that a prior judgment was rendered in this cause on May 19, 1930, and that—

"The court rendered his [its] judgment of May 19, 1930, under misapprehension and oversight of the contents and provisions of the pleadings herein and that said judgment of May 19, 1930, should be vacated and set aside."

It was in this last judgment that Kreider was relieved of the liability imposed on his fellow partners—and for an insufficient reason, too, according to the pertinent finding of fact. The court found that Kreider "was engaged in the same business with said defendants." That fact made him a partner. That he denied the existence of the partnership under oath did not relieve him of his partnership liability. It merely placed upon his adversaries the burden of proving the fact of partnership before liability as a partner could be imposed on him. The trial court found the fact of partnership, not alone from the admissions in various pleadings; the evidence was indisputably to the same effect. Indeed, Kreider's attorney admitted that he had invested in one of the thirty-two units of the partnership and had paid at least one assessment—perhaps more. Since Kreider "was engaged in the same business with said defend-

ants" he would have been entitled to a share in the profits if there had been any profits; and he can no more escape the liabilities of the adventure than can his codefendants. (*Hardware Co. v. Leasing Co.*, 104 Kan. 729, syl. ¶ 2, 180 Pac. 734.)

It must therefore be held that in this one respect the judgment of the trial court was erroneous, and that the judgments in both actions require to be modified so as to subject Kreider to the same liability under them as that imposed upon the other partners, and with the same proportionate rights of contribution if he should satisfy the judgment. As to Carl Kreider the judgment is reversed with instructions to enter his name as judgment debtor along with those of the appealing defendants, and in other respects the judgment is affirmed.