H. F. STERNBERG v. ARTHUR LARKIN *et al.*

No. 9782.

ADMINISTRATION OF PARTNERSHIP ESTATE — *under agreement between surviving partner and administratrix, approved by probate court in proper proceeding, title to real estate passes without formal conveyance.*   Real estate held and used for partnership purposes is to be treated, upon the dissolution of the partnership by the death of one of its members, and for the purpose of closing up its business, the same as personal property; and a settlement of the firm business, made by the surviving partner and the administratrix of the deceased partner with a view to discharging the partnership debts and winding up the partnership business, by the terms of which it was agreed that the partnership real

estate should be retained by the survivor and the title thereto should vest in him, will be upheld when approved by the probate court in a proceeding to which the administratrix and the heirs of the deceased partner were parties. And in such case, title to such real estate passes to the surviving partner under such settlement and its approval by the probate court, without any formal conveyance of the deceased partner's interest.

Error from Ellsworth District Court. Hon. W.. G. Eastland, Judge. Opinion filed May 8, 1897. *Affirmed*.

*C. J. Evans*, for plaintiff in error.

*Ira E. Lloyd*, for defendant in error.

DOSTER, C. J. This case relates to the power of a surviving partner and the administratrix of a deceased partner to dispose of the partnership property and settle and adjust the partnership business, subject to the approval of the probate court ; and it also involves the consideration of the nature of partnership real estate in its use for partnership purposes.

John Getty and Arthur Larkin were partners, and part of the firm property consisted of real estate, which has become the subject of this suit. Getty died, leaving a widow and minor children. Mrs. Getty was appointed administratrix of his estate, and Larkin, as surviving partner, gave bond, under the statute, to close up the partnership business. Soon thereafter, Mrs. Getty, in her capacity as administratrix, and Larkin, as surviving partner, adjusted the partnership business between themselves, Larkin retaining the partnership property, agreeing to pay the partnership debts, and executing notes to the administratrix in payment for her interest in the estate. To enable him to pay such debts and otherwise close up the partnership business, it was agreed that the title to the real estate should vest in him absolutely. Larkin thereupon conveyed the real estate in question

to Sternberg, the plaintiff in error, by warranty deed. Subsequently, he filed a petition in the probate court setting out a statement of the partnership business, alleging the fact and the terms of the partnership settlement with the administratrix, and praying that it should be ratified and approved by the court and that he should be adjudged the owner of the real estate of the late firm. To this proceeding, the widow, personally and as administratrix, and the minor children were made parties. All of them appeared; the latter by guardian *ad litem*. Upon the hearing, the court approved the settlement and adjudged the title to the real estate to be in Larkin. Afterward, Sternberg, the purchaser of the real estate in question, being dissatisfied with his title, sued upon the covenants in his deed. Upon the hearing of the case, judgment was rendered for the defendants; to reverse which judgment this proceeding was instituted.

If the warranty deed of Larkin did not pass full title, any interest subsequently acquired by him by virtue of the proceedings in the probate court inured to the plaintiff's benefit. Gen. Stat. 1889, ¶ 1114. Therefore, whatever title the grantor had, or subsequently acquired, is now vested in the grantee.

It is insisted that the administratrix and the surviving partner could not adjust the affairs of the late firm between themselves, and, by their agreement and settlement, vest in Larkin the title to the partnership real estate; that an inventory and appraisement of the firm property should have been made; that sales of real estate should have been made only upon precedent orders of the probate court; that payment of the partnership debts should have been made out of the partnership property and a division of the surplus had; and that the probate court could not ratify the agreement of the parties to do otherwise. *Cox v. Grubb*

(47 Kan. 435) is cited as sustaining this contention. We do not think, however, that it is in point, because of dissimilarity of facts. In that case, the estate of the deceased partner was not represented, in the settlement, by an administratrix; the widow, in her capacity as such alone, undertaking the adjustment of the partnership affairs. And the language of the opinion, while general in some of its terms, is quite plainly keyed to the fact of her lack of representative capacity. In this case, the settlement was made between the authorized guardian of the interests of the deceased partner's estate and the surviving partner, likewise authorized under the statute to close up the business of the firm. It is not necessary for us to determine the effect this settlement would have had without its approval by the probate court. Having been approved by such court, in a proceeding to which all interested persons were made parties, and never having been challenged by any of them for fraud or for improvidence in its terms, and having been fully executed by all such parties, it took the place of the formal procedure that otherwise would have been required to close up the partnership estate. Adjustment and compromise of disputed matters are favored by the law and will be aided as far as possible; why not in the case of opposing interests in a partnership which has terminated by the death of one of its members, as well as in other cases? In *Anderson v. Beebe* (22 Kan. 768) the power of the surviving partner, on one side, and of the administrator of the deceased partner, on the other, to submit to arbitration the matters in difference between them, growing out of the partnership business, and to make the award a rule of the district court, was determined to exist. If power in the representatives of these opposing interests to submit matters in difference between them to arbitration

exists, by equal, if not by stronger reason, their power to settle without arbitration exists, subject to the approval of the court exercising jurisdiction over them and their respective trusts.   On this question *Sage v. Woodin* (66 N. Y. 578) is fully in point.   It was there held,—

"The personal representatives of a deceased member of a firm may adjust and settle the partnership affairs with the surviving partners, and, in the absence of fraud or mistake, the settlement is conclusive upon the parties and upon all persons claiming through them, including the creditors of the deceased partner."

To the same effect is the rule collected out of all the authorities in 17 Am. & Eng. Encyc. Law, page 1169.

It is said, however, that the same power of adjustment and disposition does not exist in the case of real estate as in that of personal property ; that the settlement between the administratrix and the surviving partner and its approval by the probate court could not operate as a conveyance of the interest of the deceased partner ; that to vest the title to such interest in another there must be a formal sale and conveyance under the order of the court.   This depends upon the nature of partnership real estate.   In conformity with the great weight of authority, we must hold such real estate to be of the same character as personal property owned by the partnership, so far as its disposition for partnership purposes is concerned.

"It is now held with practical unanimity by the American courts that, if partnership capital be invested in land for the benefit of the company, all the incidents attach to it which belong to other stock, so far as consistent with the Statute of Frauds and the technical rules of conveyancing, and that it will be treated as personal estate until it has performed all its functions of the partnership and thereby ceased to be partnership property ; and until then it is not subject to either dower or inheritance.

"The partners have the power of disposition over it for the purpose of the dissolution of the partnership, the payment of its debts, and the distribution or division of the capital among themselves. For until that is done the property has not fulfilled its functions as personalty or ceased to be partnership property." *Woodward-Holmes Co. v. Nudd*, 58 Minn. 239.

So far as it has been heretofore necessary to indicate the view of this court upon the question, it has been to the effect that, in the adjustment of partnership affairs, real estate belonging to a partnership is to be treated the same as personal property. See *Tenney v. Simpson* (37 Kan. 363), and authorities there cited. An exhaustive review of *Woodward-Holmes Co. v. Nudd*, supra, will be found in the report of that case in 27 Lawyer's Reports Annotated, 340, in which the decisions of this country and of England are collated. The doctrine of substantially all the cases is, that partnership realty as well as personalty is impressed in equity with a trust for the payment of partnership debts; and, because of such fact, it is disincumbered of dower and other inheritable interests. Hence, it is said the partners may convey their realty for partnership purposes without the joinder of their wives; that upon the death of one of the partners his interest in such realty vests in the survivor for the purposes of winding up the partnership and discharging its debts; that he may convey the same for such purposes without the joinder of the heirs or legal representatives of the deceased. By some courts, however, it is held that only the equitable interest of the deceased partner passes by the conveyance of the survivor, but that an action will lie by the purchaser against the heirs to compel the conveyance of the legal title still remaining in them. It is not necessary, however, in this case, to do more than announce our adhesion to the general doctrine that the interest of a

deceased partner in the partnership real estate is, for the purposes of liquidating the partnership business, to be treated the same as personal property.

If a conveyance of the deceased partner's interest was necessary in this case, its equivalent was supplied by the proceedings in the probate court approving the settlement between the administratrix and the surviving partner and declaring the title to be vested in the surviving partner for the purposes of his trust.

Our conclusion therefore is, that the full title to the real property in question is vested in the plaintiff by Larkin's conveyance to him and the settlement of the partnership affairs between Larkin, as surviving partner, and the administratrix of the deceased partner, and its approval by the probate court upon inquiry into the same after notice to all the interested persons.

The judgment of the court below will, therefore, be affirmed.