WILLIAM KINCAID v. THE NATIONAL WALL-PAPER COMPANY.

No. 12,494.  (65 Pac. 247.)

SYLLABUS BY THE COURT.

Partnership—*Application of Assets to Individual Debts.* The members of an insolvent partnership, all the partners consenting, may in good faith appropriate their own interests in the partnership property to the payment of their individual debts, in preference to those of the partnership.

Error from Sedgwick district court; D. M. Dale, judge. Opinion filed June 8, 1901. Division two. Reversed.

*Kos Harris*, and *O. G. Eckstein*, for plaintiff in error.
*J. V. Daugherty*, for defendant in error.

The opinion of the court was delivered by

Doster, C. J. : This was a garnishment proceeding brought by the National Wall-paper Company, the creditor, against William Kincaid, the garnishee. C. A. Garrett and H. O. Kincaid, as a partnership, owed

the National Wall-paper Company.   Each of them was individually indebted to William Kincaid.   These debts were each for the sum of $420, and, to secure them, each partner executed a mortgage on his undivided half-interest in the partnership property, and each partner indorsed upon the other's mortgage his consent thereto.   The partnership was insolvent at this time.   The mortgages were given in good faith, to secure *bona fide* debts.   The question, therefore, is whether members of a partnership may prefer their individual to their partnership creditors by the execution of liens upon their own interests in the partnership property, each party consenting to the act of the other.   This question has been several times discussed before the court and adverted to in some of the opinions.   (*Woodmansie v. Holcomb*, 34 Kan. 35, 7 Pac. 603; *Berkley v. Tootle*, 46 id. 335, 26 Pac. 730; *Mannen v. Bailey*, 51 id. 446, 32 Pac. 1085; *Tootle v. Rice*, 53 id. 581, 36 Pac. 990.)   In the last two cases the question was stated and attention called to opposing authorities, but no decision was made.   In *Woodmansie v. Holcomb*, supra, it was ruled in the syllabus :

"While the partnership remains in existence and in a solvent condition, it may, upon a *bona fide* consideration, all the partners assenting, transfer and appropriate the firm property in payment of the individual debt of one of its members."

In the opinion it was remarked :

"The decisions of the courts have gone farther than this, and, although not unanimous, the weight of authority seems to be that mere insolvency, where no actual fraud intervenes, will not deprive the partners of their legal control over the property and of the right to dispose of the same as they may choose ; and where the separate creditor purchases from the firm in good faith, and the individual indebtedness is a

19—63 KAN.

fair price for the property purchased, such purchase cannot, of itself, be held fraudulent as against the general creditors of the firm.''

In *Berkley v. Tootle*, supra, it does not clearly appear that the partnership was insolvent, but the case seems to have proceeded upon the assumption that it was, and the foregoing extract from the opinion in *Woodmansie v. Holcomb* was quoted as the law applicable to the facts under consideration. It is questionable, indeed, whether the remarks made in the case of *Woodmansie v. Holcomb* were necessary to the decision of that case, but subsequent cases, and especially that of *Berkley v. Tootle*, appear to have regarded with favor the rule announced.

We are of the opinion, now that the question is directly presented, that the members of an insolvent partnership, all the partners consenting, may, in good faith, appropriate their own interests in the partnership property to the payment of their individual debts in preference to those of the partnership. It has been loosely said that partnership creditors have a lien on the partnership property, but this is not true, and we think that no court has so decided, in the sense those words imply. The partners themselves have an equity in the partnership property to compel its appropriation to the payment of partnership debts, as against the debts of the individual members of the firm, and to this equity the partnership creditors succeed in cases and under circumstances which will enable them to enforce it, and that ordinarily, if not always, is when the partnership is in the control of the court, and its assets are in the course of administration by the court, either through the bankruptcy of the firm, or the creation of a trust in some mode.

Strong and well-considered decisions in which this doctrine is asserted, with citations to numerous authorities, are *Case v. Beauregard*, 99 U. S. 119, 25 L. Ed. 370; *Purple et al. v. Farrington et al.*, 119 Ind. 164, 21 N. E. 543, 4 L. R. A. 535. These cases are entirely in point in the present controversy. The facts in each are almost identical with those in the present case. In the one last cited, it was tersely remarked that "members of a partnership largely indebted and insolvent may lawfully mortgage the firm property to secure an individual indebtedness, if, in so doing, they act in good faith." This we believe to be the law.

The judgment of the court below is reversed, with directions to proceed in accordance with this opinion.

SMITH, POLLOCK, JJ., concurring.