## MAE R. JONES V. C. H. WAY.

No. 15,639.   (97 Pac. 437.)

### SYLLABUS BY THE COURT.

1. PARTNERSHIP—*Interest of a Partner.* The interest of each partner in the partnership property is his share of the surplus after the payment of all partnership debts and the settlement of all accounts between himself and his partners.

2. ——— *Sale of a Partner's Interest to a Third Person—Limitation—Accounting.* A partner may dispose of his interest in the partnership to a third person. The only limitation on this right is that he can not, by such transfer, introduce the purchaser into the firm without the consent of the other partners. In equity the purchaser acquires the right to call for an accounting and settlement.

3. ——— *Purchase and Sale of Real Estate—Tenants in Common—Accounting.* A number of persons formed a partnership for the purpose of carrying on a lumber and tie business, and purchased a tract of land, taking the title in one of the number in trust for the partnership. No attempt was made to carry on any business. In view of the construction placed upon the partnership agreement by the parties, and the absence of anything in the agreement to the contrary, *held:* (*a*) The partners owned the real estate as tenants in common, and one partner could sell his interest therein at any time without the consent of his partners. (*b*) The purchaser of the interest of one of the partners is entitled to an accounting for his share of the proceeds as against one who purchased the interests of the other partners and disposed of the real estate.

Error from McPherson district court, PETER J. GALLE, judge. Opinion filed July 3, 1908. Reversed.

*S. R. Peters,* and *F. B. Peters,* for plaintiff in error.
*D. P. Lindsay,* for defendant in error.

The opinion of the court was delivered by

PORTER, J.: Plaintiff sued to recover the value of her interest in certain real estate. The cause was tried to the court, without a jury, and judgment given for defendant. Plaintiff brings error.

In March, 1893, ten persons joined in the purchase of certain real estate in Texas, consisting of timber lands, each person agreeing to pay the sum of $945. At the same time they formed a partnership, known as the Newton & McPherson Timber and Lumber Company, for the purpose of manufacturing lumber, posts, and ties, but the business for which the partnership was formed was never carried on. The title to the real estate was taken in the name of W. J. Puett, in trust for the company, and he was elected secretary and treasurer. In May, 1893, G. W. Branine, one of the ten, sold his interest in the land to the plaintiff. From that date her name appeared upon the books of the company, and she paid from time to time her proportionate share of the taxes. She made the purchase through W. J. Puett, the trustee. In December, 1898, Puett sold his interest to C. H. Way, who was one of the original parties, and at the same time executed a deed conveying the real estate to him, as trustee. This conveyance was made at a meeting of all the persons interested, except the plaintiff, who knew nothing about the transaction until long afterward. On the first day of March, 1904, C. H. Way, having purchased all the interests except that of the plaintiff, sold and conveyed the land without her knowledge or consent.

The main contention is that the plaintiff had no right to buy an interest in the partnership without the consent of all the other partners, and such seems to be the theory upon which the judgment was rendered. To this we can not agree. The interest of each partner in the partnership property is his share of the surplus after payment of all partnership debts and settlement of all accounts between himself and his partners. (*Sanborn v. Royce*, 132 Mass. 594; *Nicoll v. Mumford*, 4 Johns. Ch. [N. Y.] 522.) A partner may dispose of his interest in the partnership to a third person. The only limitation on this right is that he can not by such transfer introduce the purchaser into the firm without

the consent of the other partners. (22 A. & E. Encycl. of L. 104, 105, and cases cited.) In equity the purchaser acquires the right to call for an accounting and settlement. (*Bank v. Carrollton Railroad,* 78 U. S. 624, 20 L. Ed. 82.)

Where there is any matter in doubt it is proper to consider the course of conduct for a considerable period as indicating the true construction of the partnership agreement. (22 A. & E. Encycl. of L. 113.) In this case the parties called themselves partners, and a partnership was formed for the purpose of carrying on a certain business, but no attempt was made to conduct any business. All that was done was to purchase the real estate in the name of a trustee, who held it in trust for the partnership. It appears from the evidence that in the numerous conveyances which were made between the different partners the interest conveyed was usually described as a certain interest in this particular real estate. The defendant purchased the interest of all the others, but there is no evidence to show that before doing so he procured or attempted to procure the consent of any of the other partners. While it is true that the interest which partners have in the real estate owned by the firm is peculiar to itself, and is said not to partake commonly of the characteristics of estates in common or in joint tenancy, yet in view of the construction placed upon the articles of agreement by the partners in this transaction, and the absence of anything in the agreement to the contrary, we must hold that the persons held the title to the real estate as tenants in common. One tenant in common may sell his interest in real estate at any time without the consent of his cotenants.

When the defendant took the conveyance to himself as trustee and purchased the interests of the others he had constructive, if not actual, notice that the plaintiff had an interest therein. Her name was on the books kept by the former trustee, which disclosed the names

of all the parties interested in the company and the amounts each one had paid. When he accepted the trusteeship he was entitled to the possession of the books. There is some evidence that he received the books on the first day of February, 1904, and that he sold the land a month later. But in any event he had constructive notice of her interest.

For these reasons the judgment is reversed, and the cause remanded for further proceedings in accordance with this opinion.