## No. 39,694

DOROTHY WILLIAMS, *Appellee*, v. NEAL SMITH, *Appellant*.

(289 P. 2d 1059)

Opinion filed November 12, 1955.

*Glenn J. Shanahan*, of Wichita, argued the cause, and *Dale M. Bryant*, *Morris H. Cundiff*, *Garner E. Shriver*, *Donald E. Lambdin*, and *Orlin L. Wagner*, all of Wichita, were with him on the brief for the appellant.

*Ora D. McClellan*, of Wichita, argued the cause, and *Gerald L. Michaud*, *Harry E. Robbins, Jr.*, and *Carol V. Creitz*, all of Wichita, were with him on the brief for the appellee.

The opinion of the court was delivered by

THIELE, J.: This was an action to dissolve a partnership and for an accounting and from a judgment rendered the defendant appeals.

The plaintiff's amended petition alleged that about the middle of May, 1951, her husband L. G. Williams entered into a partnership with the defendant for the operation of a food market; that Williams delivered to defendant the sum of $5,000 in cash and in addition

delivered a truck at an agreed value of $1,500; that defendant had repaid Williams $500 but had failed to deliver to him the $6,000 invested in the business; that the partnership continued until December 7, 1951; that Williams assigned to plaintiff all of his interest in the partnership; that when the partnership ceased to exist, plaintiff demanded an accounting, the return of her investment and her share of the profits; that in addition to the $500 paid Williams plaintiff had received cash from the defendant in the sum of $700, groceries in the amount of $60.12 and gasoline in the amount of $47.27; that defendant failed and refused to render an accounting and to deliver her her one-half interest together with her share of the profits. She prayed judgment against the defendant for dissolution of the partnership and for an accounting, for the return of the $6,000 invested together with the profits for the time during which the partnership existed and for interest from December 7, 1951. In a second cause of action she sought recovery of wages. On trial she was denied relief on this cause, she has not appealed and it needs no further attention.

The defendant's answer, so far as needs notice, alleged that he owned and operated the food market, the value of the equipment, fixtures and stock being in excess of $20,000, and that Williams agreed to buy a one-half interest for $10,000, Williams and the defendant to operate the business as partners and to share equally in both the profits and losses; that Williams paid $5,000 in cash and contributed the truck at an agreed value of $1,000, and that the sum of $4,000 was still due and owing. Defendant further alleged that he had repaid the sums of $500 and $900 to Williams for his own personal use and benefit; that the partnership continued to December 7, 1951, when it was dissolved and terminated by the abandonment of the business by Williams, who left a written instruction that defendant settle with Williams' wife, the plaintiff, and that subsequent thereto Williams assigned his rights and interest in the partnership business to plaintiff and that defendant had paid to her the sum of $775, groceries in the amount of $60.12 and oil and gas in the sum of $47.27. Defendant further alleged that during the existence of the partnership the business operated at a loss and the net worth decreased in excess of $5,000; that Williams had charged to himself oil, gas and car repairs in the sum of $75.13 to which sum defendant was entitled to credit. Defendant denied he had failed or refused to account to plaintiff;

that amounts paid to her were in excess of what she was entitled as the assignee of her husband, and he prayed she take nothing. Plaintiff's reply denied new matter pleaded in the answer.

At the trial it developed that no fully adequate books of account were kept reflecting all of the activities of the partnership, including an opening and closing inventory, but a rather complete record was kept of the purchases of merchandise and the daily sales thereof. In view of the fact the partnership commenced on an assumption the fixtures and equipment were worth $10,000 and the stock of merchandise was worth $10,000, the mere fact there was no specific inventory taken did not prevent an accounting. In fact, it was agreed at the trial that the beginning inventory of merchandise should be $10,000. An inventory of merchandise was taken in September and showed a value somewhat in excess of $10,000, and an inventory was taken on December 31, 1951, showing merchandise at slightly over $8,000. We think it was possible from the record of purchases and sales to have arrived at a value of the merchandise as of December 7, 1951.

The record as abstracted shows that the trial court adopted the theory of the plaintiff that she was entitled to a return of the amount her husband put into the venture, plus a share of any profits there may have been, less the amounts he had received and chargeable to that method of accounting. On that basis the trial court found that Williams purchased an interest in the business for $10,000 of which amount $6,500 was paid; found the gross profits, the operating expense and a net profit of $5,255.42; that there was a depreciation of $1,207.40 leaving a net profit of $4,-048.02 and that Williams' share was $2,024.01 (it had been agreed that Williams and Smith were equal partners), and that he had withdrawn $3,082.15 or $1,058.14 in excess of his share; that his original investment was $6,500 and his investment on December 7, 1951, was $5,441.86; that defendant had paid plaintiff after December 7, 1951, the sum of $835.12 and there was a balance due to her of $4,606.74. Although there was evidence that additional fixtures and equipment were purchased by the partnership and obligations created by such purchase; that improvements were made to the leased real estate occupied by the partners, and that at the time of dissolution of the partnership there were bills and accounts payable of over $10,000, the trial court made no findings with respect to any of such evidence and did not consider it in rendering

judgment, unless the "depreciation of $1,207.40" be considered as applying either to fixtures and equipment or to improvements on the premises, an assumption impossible to make from the facts as found.

On the hearing of defendant's motion for a new trial the court found that the withdrawals of Williams should be increased in the amount of $56.45 and that the balance due plaintiff was $4,550.29 and it overruled defendant's motion for a new trial and rendered judgment for the last stated amount.

In due time the defendant perfected his appeal to this court. Included in his specifications are that the trial court erred in returning to plaintiff the capital supplied by her husband without taking into consideration the decrease in the net worth of the partnership, in failing to apportion both profits and losses, and in awarding plaintiff relief without determining whether sufficient capital or surplus remained in the business to cover Smith's investment and that the trial court erred in the manner and method of computing and determining each partner's interest and share in the accounting. If the above contentions of error be upheld, discussion of the others becomes unnecessary.

Disposition of this appeal does not require any extended discussion. The rule is that where dissolution of a partnership has been accomplished or a dissolution and accounting is sought, all of the property of the partnership of whatever nature or kind, is to be included in the final accounting and settlement; assets and liabilities are to be considered, and the interest of each partner in the partnership property is his share of the surplus after the payment of all partnership debts and the settlement of all accounts between the partners. See Rowley on Modern Law of Partnership, Vol. 2, pg. 892, sec. 659; 68 C. J. S. 970; 40 Am. Jur. 406, *et seq.*, and *Jones v. Way,* 78 Kan. 535, 97 Pac. 437.

In the case at bar the judgment of the trial court was that the assignee of the partner who brought about the dissolution could recover his contribution to the partnership and a share of the profits, realized from the sale of merchandise, less amounts received by him, without any regard to increases in the assets by way of additional fixtures and equipment, or increase of or decrease in the amount of merchandise on hand between the beginning and ending of the partnership, or without taking into account the indebtedness of the partnership at the time of dissolution. The accounting was of a

part and not the whole of the venture and if allowed to stand will permit the assignee of the partner bringing about dissolution of the partnership to recover fully his investment and profit and leave to the defendant partner whatever is left and charged with the debts of the partnership. The result is that we cannot affirm the judgment of the trial court. That judgment is reversed and set aside and the cause is remanded for a new trial consistent with the view herein expressed.