No. 41,415

ALBERT GAYNES and ROSE GAYNES, *Appellees*, v. AL J. CONN and MARTHA CONN; CARL W. BECHTEL; MARIE S. BECHTEL; and AL J. CONN, V. E. PETERSON, ELMER FLEMING, EDDIE BOTTERMAN, W. LEE SANDERS, E. C. GLITZKE, Co-Partners Under the Firm Name and Style of LASALLE REAL ESTATE HOLDING COMPANY; ALICE PETERSON, MILDRED BOTTERMAN, CHRISTIE I. SANDERS, FLORENCE GLITZKE; MISSOURI DIVISION OF EMPLOYMENT SECURITY; KANSAS DIVISION OF EMPLOYMENT SECURITY; STANDARD PRINTING COMPANY, INC.; MARSH STEEL CORPORATION; NURRE COMPANIES, INC., *Appellees*, and EARLE G. WALLINGFORD, Defendant in Lower Court, *Appellant*.

(347 P. 2d 458)

Opinion filed December 12, 1959.

W. C. Jones, of Olathe, argued the cause, and was on the briefs for the appellant.

David W. Wheeler, of Marion, argued the cause, and Edwin G. Westerhaus, of Marion, and James A. Wheeler, of Olathe, were with him on the briefs for appellees.

The opinion of the court was delivered by

FATZER, J.: On September 15, 1954, the action out of which this appeal arises was commenced in the district court of Johnson County, Kansas, by Albert Gaynes and Rose Gaynes against Al J. Conn and Martha Conn on an Illinois judgment. Personal service of summons was had upon the Conns and on October 27, 1954, judgment was rendered in favor of the Gaynes in the sum of $6,295.39.

On November 4, 1954, execution was issued upon the Gaynes judgment and returned on November 9, 1954, with the endorsement that no property could be found. Proceedings in aid of execution were commenced (G. S. 1949, 60-3485 et seq.), and Conn appeared personally before the court and testified he owned a one sixth interest in a one-acre tract in the northeast corner of the southeast quarter (SE ¼) of Section 36, Township 13, Range 24, Johnson County, Kansas, together with improvements thereon. As is later developed in the opinion, this is the property in controversy.

In the course of Conn's examination, it developed that other lienholders and judgment creditors claimed an interest in the one-acre tract and the court ordered that an impleading petition be filed and that all creditors, lienholders and those claiming an interest

in the property be impleaded as parties defendant in the action. Personal service of summons or service of summons by publication was obtained upon all the impleaded defendants. Counsel for Al J. Conn and Martha Conn filed an application to set aside the property in question as a homestead, and later filed an answer in the proceeding.

Various judgment creditors, lienholders and others claiming an interest in the real property filed answers or otherwise pleaded to the impleading petition, among which were the Mid-City National Bank of Chicago, Chicago, Illinois, and the appellees, V. E. Peterson, Elmer Fleming also known as Elmer Flaming, Eddie Botterman, W. Lee Sanders and Florence Glitzke.

In its answer, the Mid-City National Bank of Chicago alleged it had obtained a judgment in the district court of Johnson County, Kansas, against Al J. Conn on November 9, 1954, in the sum of $2,417.46, which lien was prior in right to any claim of the plaintiffs Gaynes, or to the claim of any intervening or impleaded defendants, including that asserted by Peterson, Fleming, Botterman, Sanders and Glitzke individually and on behalf of the LaSalle Real Estate Holding Company, a co-partnership, hereafter referred to. The bank's answer predicated the priority of its lien upon the fact that its action against Conn was commenced on May 13, 1954, upon which personal service had been obtained, and that its judgment, it claimed, became a lien upon the property in question on September 2, 1954, the first day of the September 1954 term of the district court, and that execution had been issued on November 9, 1954, and returned unsatisfied that same day.

V. E. Peterson, Elmer Fleming, Eddie Botterman, W. Lee Sanders and Florence Glitzke filed an amended answer and amended cross-petition to the impleading petition. The amended answer alleged that the one-acre tract, together with the improvements thereon, was owned by the LaSalle Real Estate Holding Company, a co-partnership of Johnson County, Kansas, consisting of Al J. Conn, V. E. Peterson, Elmer Fleming, Eddie Botterman, W. Lee Sanders and Florence Glitzke, each of said partners being a partner to the extent of a one sixth interest therein; that the one-acre tract was owned by the partnership in fee simple, free and clear of any claims of the plaintiffs Gaynes or any of the other defendants, and that they were entitled to a judgment quieting the title of the LaSalle Real Estate Holding Company against the claims of plaintiffs and all other defendants. For their amended cross-petition against

Al J. Conn, the plaintiffs Gaynes, and all other defendants, the partners other than Conn, individually and as the partnership, alleged that Conn, as one of the partners, was indebted to the partnership for rent of the property in question for a period of 30 months at $400 per month, and that Conn's interest should be impressed with an equitable lien to the extent of $12,000, such lien to be prior to any claim of Conn, his creditors or assigns. Other allegations concerned liens claimed by the United States of America which were alleged to be junior, inferior and subsequent to the claim and lien of the partnership, but, not being here material, no further reference to them is made.

The appellant, Earle G. Wallingford, replied to the amended answer and amended cross-petition of the partnership and members of the partnership individually, and alleged that the Mid-City National Bank of Chicago, for a valuable consideration, sold and assigned to him its judgment against Al J. Conn; that such judgment was a prior lien against all impleaded defendants, as alleged in the bank's answer, the allegations of which were adopted and affirmed by him. The reply further denied the new matters alleged, and also contained a demurrer upon various grounds, which presents nothing for appellate review, since the notice of appeal particularly specified the orders from which the appeal was made, but did not include the order overruling the demurrer to the amended answer and amended cross-petition (*Nicholas v. Latham,* 179 Kan. 348, 295 P. 2d 631; *Dryden v. Rogers,* 181 Kan. 154, 156, 309 P. 2d 409; *Jeffers v. Jeffers,* 181 Kan. 515, 517, 313 P. 2d 233).

The action was tried to the court. Over the objection of Wallingford, Fleming and Peterson testified individually and on behalf of the LaSalle Real Estate Holding Company to facts which, if believed by the court, would support the allegations contained in the amended answer and amended cross-petition and further, that the partnership was indebted to various persons including Gertrude Hett for $10,000, Signa Anderson for $3,000, Emma McDowell for $10,000, and certain partners in the following amounts: E. W. Fleming $6,350, W. Lee Sanders $1,375, Eddie Botterman $480, and V. E. Peterson $2,611; further, that the sole assets of the partnership consisted of the equity in the property, and the $12,000 which Conn owed.

At the conclusion of the cross-petitioners' evidence, Wallingford demurred upon the grounds that the court had no jurisdiction to adjudicate the debts of the partnership without notice to all other

parties, particularly when some of its creditors were not parties to the action, and that the cause of action against Conn for unpaid rent was barred by the statute of limitations, which was overruled by the court.

The court made full findings of fact upon the evidence, conclusions of law therefrom, and entered a decree fully adjudicating and determining the interest of all parties in the property and the priority of the liens thereon. It found generally in favor of the partnership and the individual partners other than Conn; it found specifically that all intervening and impleaded defendants were necessary parties to a decision of the controversy and that it had jurisdiction of all parties to determine their rights to the one-acre tract; that neither of the Conns had homestead rights therein; that the LaSalle Real Estate Holding Company was a partnership, and the six named partners each owned a one-sixth interest; that the partnership owed the following amounts to the following persons: E. W. Fleming $6,350, Signa Anderson $3,000, Emma McDowell $10,000, G. Hett $10,000, Eddie Botterman $480 and V. E. Peterson $2,600; that Conn was indebted to the LaSalle Real Estate Holding Company in the amount of $12,000 for 30 months rent for his individual use of the building on the one-acre tract, and that the partnership had an equitable lien on his interest in the assets of the partnership to secure payment of the $12,000, which was paramount as to all parties to the lawsuit, except ad valorem taxes, and certain mortgage liens.

The court further found that the partners were entitled to have the assets of the partnership first applied to partnership debts, and that the proceeds from the sale of the one-acre tract be applied in the following order: costs of the suit; ad valorem taxes due thereon; judgments obtained in foreclosing mortgage liens; debts of the partnership; and the balance, if any, to be distributed one sixth each to Peterson, Fleming, Botterman, Sanders, Glitzke, and the one sixth belonging to Conn be paid to the five named partners to the extent of $10,000; further, the balance, if any, after such payments, to be applied to Wallingford's lien, which was placed at the top of a list of 18 other judgment creditors and lienholders established by the court in determining priority of payment of the other parties' claims. The court rendered judgment in harmony with its findings, and Wallingford perfected this appeal.

As preliminary, we think the court properly required the plaintiffs to interplead all defendants who had, or claimed to have, an

interest in the one-acre tract and once the jurisdiction of the court attached to the parties and the subject matter, it attached for all purposes in determining the rights of the parties in the real estate. The intent of the Code of Civil Procedure requires that so far as possible, all controversies concerning a particular subject matter shall be concluded by one proceeding, and G. S. 1949, 60-416 makes it the duty of the court, on its own motion, to require the bringing in of any person whose rights will be prejudiced by judgment, and where that is not done a reversal may be had at the instance of a party aggrieved (*McFadden v. McFadden*, 174 Kan. 533, 257 P. 2d 146; 175 Kan. 372, 264 P. 2d 920; 179 Kan. 455, 296 P. 2d 1098). A court of equity, such as the court below was sitting in the proceeding in aid of execution, once having assumed jurisdiction of a subject matter will reach out and draw into its consideration and determination the entire subject matter and bring before it the parties interested therein, so that a full, complete, effectual and final decree adjusting the rights and equities of all the parties in interest may be entered and enforced (*Kiser v. Sawyer*, 4 Kan. 503; *Hazen v. Webb*, 65 Kan. 38, 68 Pac. 1096; *Fry v. Dewees*, 151 Kan. 488, 494, 99 P. 2d 844; and cases cited; *Gillet v. Powell*, 174 Kan. 88, 93, 254 P. 2d 258; *Breidenthal v. Breidenthal*, 182 Kan. 23, 29, 30, 318 P. 2d 981); see, also, Das. Kan. Civ. Code Ann., 2 ed., p. 163.

The appellant principally complains of the overruling of his demurrer to the evidence, the admission of evidence of partnership indebtedness and of Conn's indebtedness to the partnership. Both contentions go to the general proposition whether a court of equity, in determining an individual partner's interest in partnership assets, must first ascertain and adjudicate partnership indebtedness and settle accounts between the partners. Upon this point depends the decision in this case.

We do not deem it essential to review the evidence, but suffice it to say there was substantial competent, undisputed evidence to sustain the court's findings. The claim is made that Fleming and Peterson were incompetent to testify as to the indebtedness owed by the partnership. The contention is not meritorious. The partners, assuming they were cognizant of the affairs of the partnership, would possess the peculiar knowledge of its financial status and would be competent to testify as to its assets and liabilities (68 C. J. S., Partnership, §§ 432, 433, pp. 969-974). The authorities hold that the party who has the affirmative of an issue raised in an action for a partnership accounting has the burden of proof with

respect thereto; but in carrying such burden he may have the benefit of proper presumptions (68 C. J. S., Partnership, § 428, p. 962; 2 Bates, Law of Partnership, § 978, *et seq.*, pp. 993-1000). In the instant case the court believed the testimony of the partners. Although the appellant objected to that testimony, the witnesses were competent to testify, and the weight and sufficiency of the evidence was for the consideration of the trial court, and not this court on appellate review (5 Hatcher's Kansas Digest [Rev. Ed.], Trial, § 178, p. 331). It is also claimed that Conn's indebtedness for rent was not established by the best evidence; that parol testimony was offered to prove the terms of the written rental contract when the contract itself would have been the best evidence. The short answer to the contention is that the appellant made no objection to the testimony as not being the best evidence; or that it was hearsay as to the appellant, and made no motion to strike the evidence for those reasons. Under such circumstances, the objection comes too late when it is first made on appellate review (*Long v. Lozier-Broderick & Gordon*, 158 Kan. 400, 147 P. 2d 705).

The issue is thus sharply presented whether the appellant's judgment lien against Conn's interest in the partnership assets entitled him to satisfaction prior to partnership creditors, and a settlement of accounts between the partners. The trial court concluded he was not, and we think that decision was correct.

Where—as here—the affairs of a partnership are unsettled and its assets are in the course of administration by a court of equity for the purpose of ascertaining the interest of an individual partner, our decisions are uniform in holding that partnership assets must first be applied to the payment of partnership debts. The corpus of the assets is partnership property, and neither partner separately has anything in that corpus; the interest of each is only his share of what remains after partnership debts are paid and all accounts are settled. The rule rests upon the equities of the partners as between each other, since each partner is entitled to regard partnership property as held for his indemnity as against partnership debts, and as security for the ultimate balance which may be due him for his own share of partnership assets. In order to secure a proper division of the surplus assets, if any, he has a right to have whatever may be due to the firm from his co-partners deducted from what would otherwise be payable to them. In other words, each partner may be said to have an equitable lien on the partnership property for the purpose of having it applied in discharge of the debts of

the firm, and to have a similar lien on the surplus assets, if any, to have them applied in payment of whatever may be due to the partners respectively, after deducting whatever indebtedness they may owe the firm as partners. Some of our many decisions on this point are: *Glass Co. v. Ludlum,* 8 Kan. 40, 50, 51; *Fullam & Co. v. Abrahams,* 29 Kan. 725; *Aldridge v. Elerick,* 1 Kan. App. 306, 41 Pac. 199; *Kincaid v. Wall-paper Co.,* 63 Kan. 288, 290, 65 Pac. 247; *Jones v. Way,* 78 Kan. 535, 97 Pac. 437; *Neiswanger v. Ord,* 81 Kan. 63, 65, 105 Pac. 17; *Bank v. Schuetz,* 103 Kan. 229, 173 Pac. 278; *Farney v. Hauser,* 109 Kan. 75, 79, 198 Pac. 178; *Lawson v. Lawrence Oil and Gas Co.,* 135 Kan. 740, 743, 12 P. 2d 711; *Campbell v. Bohan,* 148 Kan. 205, 207, 80 P. 2d 1110; *Plains State Bank v. Ellis,* 175 Kan. 261, 268, 263 P. 2d 254; *Williams v. Smith,* 178 Kan. 434, 437, 289 P. 2d 1059. See, also, *Trickett v. Moore,* 34 Kan. 755, 10 Pac. 147; *Bank v. Lemley,* 105 Kan. 15, 180 Pac. 238; *New York Commercial Co. v. Francis,* 101 Fed. 16, 18; *Clagett v. Kilbourne,* 66 U. S. 346, 17 L. ed. 213; Rights of Creditors in Partnership Assets, Vol. 3, Journal, Bar Assn. of Kansas, p. 283; 1 Rowley, Modern Law of Partnership, §§ 371, 525, 536, pp. 441, 663, 688; 40 Am. Jur., §§ 404, 406, pp. 406, 408; 2 Kent's Com., 11th ed., p. 78, note.

In *Kincaid v. Wall-paper Co.,* supra, it was said:

". . . The partners themselves have an equity in the partnership property to compel its appropriation to the payment of partnership debts, as against the debts of the individual members of the firm, and to this equity the partnership creditors succeed in cases and under circumstances which will enable them to enforce it, and that ordinarily, if not always, is when the partnership is in the control of the court, and its assets are in the course of administration by the court, either through the bankruptcy of the firm, or the creation of a trust in some mode." (l. c. 290.)

In *Campbell v. Bohan,* supra, it was said:

". . . While a partnership has no existence separate and apart from the members which compose it, it is nevertheless an entity as to all matters germane to its interests or affairs. It has its own capital, its own assets and liabilities. In other words, the partnership estate is separate and distinct from the individual estates of its members. . . ." (l. c. 207.)

In *Bank v. Schuetz,* supra, it was held:

"1. PARTNERSHIP—*Garnishment—Rights of Creditors of Individual Partners.* Although the assets of a firm are to be applied in paying its debts to outsiders before either partner is to receive any portion thereof, the individual creditors of a partner are not entitled to the same priority. They have a right to his individual interest only, and this is his share of what may remain after payment of the partnership debts, and after a settlement of the accounts between the partners.

"2. Same—*Garnishment—Creditors of Individual Partner—What Property May be Reached.* Where, in an action against an individual partner, the funds of the firm are garnisheed, the plaintiff acquires by his garnishment an interest only to the extent of the share of the debtor, which is his interest in the balance which remains after the firm's debts and the equities of partners are satisfied; and, further, where in such an action the court has before it all the parties claiming an interest in the fund, it is proper to take an account of the partnership affairs."

In *Plains State Bank v. Ellis,* supra, it was said:

". . . the rule is that a creditor of an individual partner may not look to partnership assets in satisfaction of his demand until the partnership estate is settled. . . ." (l. c. 268.)

The cross-petition of the appellees was tried as one for an accounting and final settlement of the partnership affairs, and it was upon that accounting that various firm creditors were found to exist. It follows from what has been said and held that those creditors had the right to have the partnership assets (the proceeds from the one-acre tract) applied to the payment of their partnership debts before the appellant, as a creditor of one of the individual partners, could acquire the right to any of such assets for the payment of his judgment lien. The fact that the property in the instant case consisted of real estate does not change the principle of law governing the ultimate rights and interests concerned. Real property belonging to the partnership is treated in equity as part of the partnership fund, and is disposed of and distributed the same as the personal assets (*Tenney v. Simpson,* 37 Kan. 353, 363, 15 Pac. 187; *Sternberg v. Larkin,* 58 Kan. 201, 205, 48 Pac. 861; *Clagett v. Kilbourne,* 66 U. S. 346, 17 L. Ed. 213; 68 C. J. S., Partnership, § 73, p. 512). We think the appellant acquired no lien upon the partnership real estate. That property was the sole asset of the partnership, and, as we have seen, was liable to payment of firm debts and the settlement of accounts between the partners before Conn's interest could be ascertained and subjected to the appellant's claim. We do not intend to infer that Conn's interest might not have been sold on execution, but had that been done, the purchaser would have acquired only the extent of his unascertained interest in the firm assets, subject to the payment of the firm debts and settlement of all accounts (68 C. J. S., Partnership, § 240, p. 737; 40 Am. Jur., Partnership, § 455, p. 447; 3 Kent's Com., 11th ed., p. 76).

It follows from what has been said that the court did not err in settling the accounts between Conn and the five named partners and

ordering the balance of his interest, if any, after payment of partnership debts, to be paid equally to them to the extent of $10,000. Neither do we think that because two creditors of the partnership, Signa Anderson and Emma McDowell, were not made parties to the action by the impleading petition, precluded the court from ascertaining the amount due to them, as well as the other creditors. The court was first required to ascertain the creditors of the partnership. That it did. The evidence satisfied the court of the validity of the claims asserted, and we think it sufficient to support the finding that the various debts found to exist were valid partnership obligations.

The contention is made that the partnership claim against Conn for unpaid rent was barred by the statute of limitations. The point is not well taken. The evidence showed that either in July or August, 1953, Conn leased the building from the partnership for one year and thereafter on a month-to-month basis. This court has consistently held that neither the statute of non-claims, nor the statute of limitation is available to one of the parties to bar an appropriate accounting of a partnership before the amount due, as between the partners, is ascertained (*Carr v. Catlin,* 13 Kan. 393, 407; *Brooks v. Campbell,* 97 Kan. 208, 155 Pac. 41; *Finley v. Gilmore,* 107 Kan. 349, 191 Pac. 256; *Clark v. Moffett,* 136 Kan. 711, 18 P. 2d 555; *Burris v. Burris,* 140 Kan. 208, 214, 34 P. 2d 127, 96 A. L. R. 432. See, also, 40 Am. Jur., Partnership, § 333, p. 364). In the instant case the amount due was first ascertained by the judgment of July 25, 1958.

In view of the foregoing, the court did not err in overruling the appellant's demurrer to the evidence or in concluding that he may look only to Conn's share of what remains after payment of firm debts and settlement of all accounts. The appellant's lien has been fully protected and his priority of payment was determined in accordance with law.

The judgment is affirmed.